| | |
|---|---|
| 1 | Ken Motolenich-Salas<br>WEISS & MOY, P.C. |
| 2 | 4204 N. Brown Avenue |
| 3 | Scottsdale, AZ 85251<br>(480) 994-8888 |
| 4 | |
| 5 | D. Richard Anderson<br>Quentin R. Corrie |
| 6 | Michael B. Marion |
| 7 | BIRCH, STEWART, KOLASCH & BIRCH, LLP<br>8110 Gatehouse Road, Suite 100 East |
| 8 | Falls Church, VA 22040-0747 |
| 9 | (703) 205-8000<br>Attorneys for Defendant Oticon, Inc. |
| 10 | |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | | |
|---|---|---|---|
| 12 | OTICON, INC., | | |
| 13 | | | |
| 14 | | Plaintiff/<br>Counter Defendant, | |
| 15 | | | |
| 16 | v. | | Case No.  CIV 11-1375-PHX-SRB |
| 17 | SEBOTEK HEARING SYSTEMS, | | CIV 11-1874-PHX-SRB<br>(CONSOLIDATED) |
| 18 | LLC; and GENNUM CORPORATION, | | |
| 19 | | Defendants/ | **OTICON, INC.'S NOTICE OF APPEAL** |
| 20 | | Counterclaimaints. | |
| 21 | _____<br>SOUND DESIGN TECHNOLOGIES, | | |
| 22 | LTD., | | |
| 23 | | Plaintiff/ | |
| 24 | | Counter Defendant, | |
| 25 | v. | | |
| 26 | OTICON, INC., | | |
| 27 | | | |
| 28 | | Defendant/<br>Counterclaimaint. | |

1    Please take notice that Defendant/Counterclaimant Oticon, Inc. ("Oticon"), hereby appeals

2    to the United States Court of Appeals for the Federal Circuit from (I) the Memorandum Opinion

3    and Order entered August 14, 2013 granting Sound Design's Motion and Memorandum of Points

4    and Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and

5    Non-Willfulness, granting SeboTek's Motion and Memorandum for Summary Judgment and

6    denying Oticon, Inc's Motion for Summary Judgment (Ex. A), (II) Judgment entered on August

7    14, 2013 for Sound Design Technologies Limited and SeboTek Hearing Systems LLC (Ex. B)

8    and (III) Order entered on August 29, 2013 denying reconsideration of said Memorandum

9    Opinion and Order (Ex. C).  Copies of the orders and judgment appealed from are attached hereto

10   as Exhibits A, B, and C respectfully.

11   DATED: September 27, 2013                    WEISS & MOY, P.C

12

13                                               By: s/Kenneth M. Motolenich-Salas
                                                 JEFFREY WEISS (012012)
14                                               KENNETH M. MOTOLENICH-SALAS
                                                 (027499)
15                                               4204 N. Brown Avenue
16                                               Scottsdale, Arizona 85251

17                                               BIRCH, STEWART, KOLASCH &
18                                               BIRCH, LLP
                                                 D. RICHARD ANDERSON (*pro hac*
19                                               *vice*)
20                                               dra@bskb.com
                                                 QUENTIN R. CORRIE (*pro hac vice*)
21                                               qrc@bskb.com
                                                 MICHAEL B. MARION (*pro hac vice*)
22                                               mbm@bskb.com
23                                               Birch, Stewart, Kolasch & Birch, LLP
                                                 Suite 100 East
24                                               8110 Gatehouse Road
25                                               Falls Church, VA 22042

26                                               Attorneys for Oticon, Inc.
27

28

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Bryan Scott Banks
BBanks@perkinscoie.com
Perkins Coie LLP
2901 N. Central Avenue Suite 2000
Phoenix, AZ 85012

Michael Andrew Oblon
MOblon@perkinscoie.com
Perkins Coie LLP
700 Thirteenth Street, N.W.
Washington, DC 20005

Attorneys for Sound Design Technologies, Ltd.

JEFF RICHARDSON (*pro hac vice*)
jrichardson@fulbright.com
ROBERT GREESON (*pro hac vice*)
rgreeson@fulbright.com
Fulbright & Jaworski
2200 Ross Ave., Suite 2800
Dallas, TX 7520

Attorneys for SeboTek

By: s/Kenneth M. Motolenich-Salas

# EXHIBIT A

1

2

3                        **NOT FOR PUBLICATION**

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                 FOR THE DISTRICT OF ARIZONA

8

| | |
|---|---|
| Sound Design Technologies, Ltd., | No. CV-11-01375-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| Oticon, Inc.; Sebotek Hearing Systems, LLC; Gennum Corp., | |
| Defendants. | |
| Oticon, Inc. | |
| Counterclaimant, | |
| v. | |
| Sound Design Technologies, Ltd., | |
| Counterdefendant. | |

        Before the Court are SeboTek's Motion and Memorandum for Summary Judgment
("SeboTek MSJ") (Doc. 143), Sound Design's Motion and Memorandum of Points and
Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity,
and Non-Willfulness ("Sound Design MSJ") (Docs. 160 (redacted public version) and
164 (sealed)); Oticon, Inc.'s Motion for Summary Judgment (Doc. 167) and Oticon,
Inc.'s Memorandum of Points and Authorities in Support of Its Motion for Summary

Judgment ("Oticon MSJ") (Docs. 168 (redacted public version) and 172 (sealed)).[1]

## I.    BACKGROUND

Sound Design has moved for summary judgment that its hearing aid chips do not infringe any asserted claims of U.S. Patent No. 5,365,233 ("'233 Patent"), which deals generally with the procedure for converting incoming sound from an analog to digital signal, while Oticon argues that Sound Design's accused products practice every element of Claim 8 of the '233 patent. (*See* Sound Design MSJ at 1; Oticon MSJ at 7-18.) Claim 8 is the only independent claim that Oticon argues is infringed. (*See* Oticon MSJ at 7-18; *see also* Doc. 162, Decl. of Counsel Michael A. Oblon in Supp. of Sound Design MSJ ("Oblon Decl. I"), Ex. 11, Jan. 24, 2013, Email from Counsel.) Claim 8 of the patent reads

> An analog-digital processing unit, said unit comprising:
> [1] an amplifier to which an analog signal is fed and whose amplification is adjustable in stages;
> [2] an analog-digital quantizer connected downstream of the amplifier unit;
> [3] a memory and scaling unit connected downstream of the analog-digital quantizer;
> [4] wherein the output of the quantizer is fed back to an amplification control input of the amplifier unit via a comparator unit; and
> [5] wherein the output of the quantizer and the output of the comparator unit act on output control inputs at the memory and scaling unit.

(Oblon Decl. I, Ex. 1, '233 Patent 10:14-27.) Sound Design argues that its accused products do not contain the requisite "output control inputs" or "memory and scaling unit" and therefore that its products do not infringe the '233 Patent. (Sound Design MSJ at 2-3.)

This Court previously issued the following claim constructions relevant to Claim 8:

| Disputed Claim Term | Construction |
|---|---|
| memory and scaling unit (found in Claims 8, 11, 12, 23, 24) | a unit containing memory and some means for scaling values |

---

[1] SeboTek joins in Sound Design's Motion for Summary Judgment, and the parties agree that because SeboTek's accused products incorporate Sound Design's accused products, SeboTek's claims rise and fall with Sound Design's. (*See* SeboTek MSJ at 2-3; Doc 198, Oticon's Opp'n to SeboTek MSJ; Oticon MSJ at 2.)

| wherein the output of the quantizer and the output of the comparator unit act on output control inputs at the memory and scaling unit (found in Claim 8) | wherein the output of the quantizer and the output of the comparator unit act on output control inputs at the memory and scaling unit |
|---|---|

(Doc. 88, July 16, 2012, Order at 3-4 (granting in part Sound Design's Motion for Reconsideration and finding that the Court's previous construction of the "wherein" phrase omitted "limitations found in the claim itself–namely the requirement that the output of the quantizer and the output of the comparator unit are what act on the output control inputs at the memory and scaling unit").[2] The Court found that the term "memory" has a plain and ordinary meaning and that the "wherein" clause should be given its ordinary meaning as well. (*See* Apr. 10, 2012, Order at 9 (citing Webster's II New Riverside University Dictionary's definition of memory in computer science as a "unit of a computer that stores data for retrieval"); July 16, 2012, Order at 3-4.)

## II.     LEGAL STANDARDS AND ANALYSIS

### A.     Legal Standards

The standard for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, summary judgment is properly granted when: (1) there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). A fact is "material" when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

In considering a motion for summary judgment, the Court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material,

---

[2] The Court's previous construction of this term was "The outputs of the memory and scaling unit are controlled via some inputs to that unit (the output control inputs)." (Doc. 63, Apr. 10, 2012, Order at 20.)

and "all inferences are to be drawn in the light most favorable to the non-moving party." *Eisenberg*, 815 F.2d at 1289; *see also Celotex*, 477 U.S. at 324. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that "the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment").

    "A determination of patent infringement consists of two steps: (1) the court must first interpret the claim, and (2) it must then compare the properly construed claims to the allegedly infringing device." *Playtex Prods., Inc. v. Procter & Gamble Co.*, 400 F.3d 901, 905-06 (Fed. Cir. 2005). "The first step, claim construction, is a matter of law," while the second step is generally "a factual question." *Id.* at 906. The party claiming infringement must prove infringement by a preponderance of the evidence. *Warner-Lambert Co. v. Teva Pharm. USA, Inc.*, 418 F.3d 1326, 1341 n.15 (Fed. Cir. 2005). "For infringement to be found, the court must determine that every claim limitation is found in the accused device." *Playtex Prods.*, 400 F.3d at 909.

### B. Analysis

#### 1. Output Control Inputs

    The parties essentially dispute the meaning of the term "output control inputs" found in the claim limitation "wherein the output of the quantizer and the output of the comparator unit act on output control inputs at the memory and scaling unit." Sound Design argues that the "output control inputs" must be control signals, as opposed to data signals, while Oticon contends that an "output control input" is merely "'an input by which the output is controlled'" and "therefore includes any input at the memory and scaling unit that determines the output of the memory and scaling unit." (*See* Sound Design MSJ at 11-15; Doc. 194, Oticon's Opp'n to Sound Design MSJ ("Oticon Resp.") at 13 (quoting Doc. 196, Decl. of Michael B. Marion in Supp. of Oticon's Opp'n to Sound Design MSJ ("Marion Decl. II"), Ex. 7, Oct. 6, 2009, Dep. of David V. Anderson

- 4 -

("Anderson Dep.") 164:12-20).)

The Court finds persuasive Sound Design's argument that "control" modifies the word "input" and requires that the "output control input" must be a control signal (or control input) rather than a data signal (or data input) because, otherwise, any input affecting the output of the memory and scaling unit would be sufficient. *See Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950 (Fed. Cir. 2006) ("[C]laims are interpreted with an eye toward giving effect to all terms in the claim."); *Elekta Instrument S.A. v. O.U.R. Scientific Int'l, Inc.*, 214 F.3d 1302, 1307 (Fed. Cir. 2000) (holding that the claim language "only within a zone extending between latitudes 30°-45°" did not include "radiation sources and beam channels 'beginning at the edge of the helmet (0°) and extending to a point between 30°-45°'" because to do so would render "the reference to 30° superfluous").

A control signal is "[a] signal used for multiplexor selection or for directing the operation of a functional unit" and "contrasts with a data signal, which contains information that is operated on by a functional unit." (*See* Oblon Decl. I, Ex. 13, David A. Patterson & John L. Hennessy, *Computer Organization and Design* 306 (2009); *see also* Doc. 165, Pl.'s Statement of Facts in Supp. of MSJ ("Sound Design SOF") ¶ 25; Oblon Decl. I, Ex. 5, Apr. 11, 2013, Dep. of David V. Anderson ("Anderson Dep. II") 87:11-21 (agreeing that the textbook is "an authority on digital computer design").) Sound Design does not dispute that the output of the comparator unit in its accused products is a control input, but it does dispute that the output of the quantizer in its products is a control input, and Oticon offers no evidence to rebut this. (*See* Sound Design MSJ at 11-12.) In fact, for at least one family of accused products, Oticon's own expert referred to the quantizer output as "the data signal." (*See* Oblon Decl. I, Ex. 3, Expert Report of David V. Anderson, Ph.D. on Behalf of Plaintiff Oticon Inc. ("Anderson Report") at 34.) Because Oticon has not submitted evidence from which a reasonable jury could conclude that that the accused products contain "output control inputs" as required by Claim 8 and this Court's claim construction, the Court finds that there is insufficient

1
2
3

evidence to support the presence of every claim limitation, an issue on which Oticon bears the burden of proof, and accordingly grants Sound Design's Motion for Summary Judgment of Non-Infringement.

### 2.   Memory and Scaling Unit

4
5
6
7
8
9
10
11
12
13
14

The Court also finds that there has been no infringement because Sound Design's accused products lack the requisite memory and scaling unit, which the Court defined as "a unit containing memory and some means for scaling values." (*See* July 16, 2012, Order at 4.) Oticon has accused five families of products produced by Sound Design of infringement, which are called Wolverine, Voyageur, Foundation, Sigma, and Paragon. (*See* Oticon MSJ at 6.) For each of these products, Oticon's expert, Dr. Anderson, opined that there was a memory and scaling unit because scaled signals are "stored in a register memory before being output" or because scaled signals undergo conditioning, during which process "register memory is used." (*See* Anderson Report at 25-28.) Dr. Anderson stated that in addition to this

15
16
17
18

> output sample memory . . . , each unit is equipped with delay registers which are also memory. The gain calculation unit accepts inputs from the quantizer output process / stream . . . . The gain calculation portion itself relies on memory aspects to store data values and internal variables used for calculating the gain (including previous gain values) and the gain calculation portion also relies on registers to store a gain adjustment signal / value for a certain number of clock cycles before propagating it to the preamp or postatt blocks.

19
20
21
22
23
24
25
26

(*Id.* at 28-29.) Thus, Dr. Anderson points to (1) "register memory," (2) values stored in the gain calculation portion, and (3) delay registers that store values for a certain number of clock cycles, in order to satisfy the element of memory. (*Id.* at 25-29.) However, Oticon has not provided evidence from which a reasonable jury could conclude that any of these are "memory" in the sense that the word "memory" is ordinarily used, i.e. a unit "'that stores data for retrieval.'" (*See* Apr. 10, 2012, Order at 9 (quoting Webster's II New Riverside University Dictionary and Dr. Anderson's *Markman* hearing testimony that "memory is a well-understood term").)

27
28

Regarding the gain calculation, Sound Design has submitted evidence from one of its senior design engineers that the circuitry used in the accused products "is configured

1    to adjust the preamplifier and post-attenuation gain in multiples of 6 dB to permit ease of

2    operation and a more efficient implementation.  Sound Design elected to use 6 dB rather

3    than finer gain adjustments to avoid making the system more complicated." (Oblon Decl.

4    I, Ex. 2, Decl. of Erkan Onat in Supp. of Pl.'s Mot. for Summary J. of Noninfringement

5    ("Onat Decl.") ¶¶ 2, 5, 12.)[3] Mr. Onat explained that the circuitry in the accused products

7    [3] Oticon argues that Sound Design should not be able to rely on the Onat
     Declaration because Sound Design failed to disclose Mr. Onat as a witness or as an
8    expert witness. (*See* Oticon Resp. at 2-8; *see also* Doc. 239, Oticon, Inc.'s Reply in Supp.
     of Oticon's Mot. for Summ. J. ("Oticon Reply") at 7-9 (objecting to the declarations of
9    Sound Design engineers Erkin Onat and Elias Boukhers as improper expert witness
     testimony).) However, Sound Design is correct that it is required to supplement its initial
10   disclosures only "if the additional or corrective information has not otherwise been made
     known to the other parties during the discovery process or in writing." Fed. R. Civ. P.
11   26(e)(1)(A); (*see also* Doc. 236, Sound Design's Reply in Supp. of Its MSJ ("Sound
     Design Reply") at 3-4); Fed. R. Civ. P. 26(e) advisory committee's note (1993) ("There
12   is, however, no obligation to provide supplemental or corrective information that has
     been otherwise made known to the parties in writing or during the discovery process, as
13   when a witness not previously disclosed is identified during the taking of a deposition . . .
     .").

14       Here, Sound Design responded in writing to Oticon's interrogatory requesting the
     identity of all persons involved in the design of the accused products, that "Erkan Onat"
15   had helped design the Wolverine digital product, and Sound Design's Rule 30(b)(6)
     witness identified Mr. Onat as someone who worked on the development of the
16   Wolverine product. (*See* Doc. 170, Michael B. Marion's Decl. in Supp. of Statement of
     Facts of Oticon MSJ ("Marion Decl. I"), Ex. 36, Sound Design's Objections & Resps. to
17   Oticon's Interrogs. Nos. 1-14 at 6-7; Doc. 237, Decl. of Counsel Michael A. Oblon in
     Supp. of Sound Design Reply ("Oblon Decl. III"), Ex. 3, Dep. of Elias Boukhers 135:19-
18   136:3.) Thus, Oticon could have sought discovery from Mr. Onat if it had chosen to do
     so, and Sound Design was not required to supplement its initial disclosures to identify
19   Mr. Onat. *See* Fed. R. Civ. P. 26(e)(1)(A); *Kapche v. Holder*, 677 F.3d 454, 468 (D.C.
     Cir. 2012) ("Because [witness's] identity was 'made known' to [plaintiff], [defendant]
20   had no obligation to supplement his disclosures pursuant to Rule 26(e)(1)(A) and
     therefore the district court did not err in allowing [witness] to testify . . . ."); *Van Maanen*
21   *v. Youth With a Mission-Bishop*, 852 F. Supp. 2d 1232, 1237 (E.D. Cal. 2012); *Harding*
     *v. Cianbro Corp.*, 436 F. Supp. 2d 153, 164 n.19 (D. Me. 2006) (denying motion to strike
22   declaration and statements of material fact supported by the declaration where the
     "identity of and material information relating to [declarant] . . . [were] made known to
23   [p]laintiff's counsel during the course of discovery, including during the taking of
     depositions").
24
         In addition, Sound Design is correct that it did not need to designate Mr. Onat as
25   an expert witness merely because he testified about technical matters, given that he works
     as a design engineer and declared that he had "personal knowledge of the facts" in his
26   declaration. (*See* Onat Decl. ¶¶ 1-2; Sound Design Reply at 4-5); *Carnegie Mellon Univ.*
     *v. Marvell Tech. Grp., Ltd.*, Civil Action No. 09-290, 2013 WL 1767970, at *1-2 (W.D.
27   Pa. Apr. 24, 2013) (finding that President/CEO and Vice President of Data Storage
     Technology of a company, both of whom had PhDs in electrical engineering, had "the
28   appropriate background, education, work experience, position at [the company], and

"de-amplifies using combinatorial logic, which operates *instantaneously* (within a single clock cycle) *without using a memory* and produces output that is a pure function of the present input only." (Onat Decl. ¶ 13 (emphases added).) According to Mr. Onat:

> All of Sound Design's products perform de-amplification in the same way. The amplified signal that has been digitized in the analog-to-digital converter is a data signal that is fed into the scaler, which "de-amplifies" by performing a simple *mathematical operation* upon the inputted signal using a shifter and a multiplexer.

> The output of the analog-to-digital converter is fed into the data input of the shifter. The shifter *instantaneously* generates four outputs, each with a different number of ones or zeros appended to the left or right. This shifts the data input by between zero and three places with each shift *corresponding to a 6 dB gain change*.

> The four versions of the output are then fed into the multiplexer, which selects one version based on the preamplifier gain that was applied to the signal before it was digitized. The selector input to the multiplexer is a control signal. This control signal is the inverse of the gain selection that was applied to the pre-amplifier. In other words, if the analog input signal was amplified by 6 dB, the inverse gain control signal selects the data signal in the multiplexer that has been de-amplified by 6 dB.

(Onat Decl. 14-16 (emphases added; numbering of paragraphs omitted); *see also, e.g.*, Anderson Report at 26, 28 (agreeing that "four versions of the input sample are generated, each one scaled by an inverse gain as corresponding to the preamp gain," but stating that "[t]hen, based on the current preamp gain, one scaled signal is chosen, and stored in a register memory before being output" and contending that the "gain calculation portion itself relies on memory aspects to store data values and internal variables").)

---

personal knowledge to proffer lay opinions on [the company's] technology, development, and business practices" in a patent infringement action and that both could testify as fact witnesses about the company's "research, production and development of the accused technology"); *In re Google AdWords Litig.*, No. 5:08-CV-3369 EJD, 2012 WL 28068, at *5 (N.D. Cal. Jan. 5, 2012) ("As Google's Chief Economist, Dr. Varian is qualified to explain, as a lay witness, what Google's AdWords system does, how it behaves, and what it does when certain variables are changed. Here, just because the underlying facts and data are technical in nature does not transform the information into 'expert testimony' when those facts are within the personal knowledge and experience of the company's employee."). The declaration of Mr. Boukhers submitted with Sound Design's Response to Oticon's Motion for Summary Judgment is also not objectionable for the same reasons. (*See* Doc. 206, Decl. of Counsel Michael A. Oblon in Supp. of Sound Design's Opp'n to Oticon's MSJ ("Oblon Decl. II"), Ex. 2, Decl. of Elias Boukhers in Supp. of Sound Design's Opp'n to Oticon's MSJ ("Boukhers Decl.") ¶¶ 1-2.)

The '233 Patent itself explains that

> If an amplification gradation of ΔG steps of 6 dB is sufficient, then . . . only every $n_a$ values of $A_5$ will have to be prestored; the compensation of the amplification in the mentioned 6 dB-increments can take place by corresponding shifting of the binary number representing an *instantaneous* value of $A_5$ by a number of places corresponding to the *instantaneous* amplification. In this case, *nothing at all would have to be stored*, because the address and content of the memory will coincide.

('233 Patent 5:6-16 (emphases added).) Even Dr. Anderson admitted that, according to the Court's construction, in the "case where it says nothing would have to be stored, that's a case where there isn't a memory and scaling unit." (Anderson Dep. II 157:2-8.) Despite Dr. Anderson's expert report using terms such as "register memory" and "memory aspects to store data values," the evidence shows that in fact Sound Design's products perform gain *calculation* (Dr. Anderson's word) and *shifting* based on multiples of 6dB, performing instantaneous mathematical calculations and using registers as merely "time delay elements, not memory units." (*See* Onat Decl. ¶ 19 (explaining that "at each clock cycle, the register moves whatever is at the input to the output" and that the "synchronization registers enable signals (each either a '1' or a '0' value) to remain valid for a full clock cycle").)

Oticon points to the deposition testimony of Sound Design's Rule 30(b)(6) witness, Elias Boukhers, who indicated that the registers can "delay the signal by one clock cycle, two clock cycles or three clock cycles" and argues that this precisely fits Sound Design expert Dr. Blalock's understanding of what memory is – having the property of "'[w]e're going to put it in. We're to go off [to] do other things. We're going to come back.' It's still going to be there." (*See* Oticon Resp. at 10-11; Marion Decl. II, Ex. 6, Dep. of Elias Boukhers 34:2-4; Marion Decl. II, Ex. 5, Dep. of Travis N. Blalock ("Blalock Dep.") 81:17-20.) However, it is immaterial whether the registers delay the release of a signal by one, two, or three cycles (or merely retain a signal for a full clock cycle as Mr. Onat stated); the point is that the registers are delaying the release of a signal, not storing (or prestoring) data for later retrieval, and Dr. Blalock testified to precisely this. (*See* Blalock Dep. 79:8-18, 81:14-20, 83:1-23.)

Oticon does not respond to Sound Design's argument that all the registers in the accused products are not within the same unit as the scaler and therefore, even if they were memory, do not constitute a "memory and scaling unit." (*See* Sound Design MSJ at 17-18.) But again, even if the registers and scalers are located within the same unit, a register as used in Sound Design's products is not memory within the ordinary meaning of the word. (*See* Blalock Dep. 81:14-22.) The '233 Patent itself refers to "a time delay unit" as distinct from "memory segments." (*See* '233 Patent 7:34-35 ("The outputs of the memory segments $M_0$ to $M_k$ are fed to a time delay unit 23 . . . ."), 12:7-12 (claiming in Claim 24 an analog-digital processing unit that includes "a plurality of memory and scaling units having prestored values . . . wherein *the outputs of the memory and scaling units are fed through time delay elements*" (emphasis added)).) And when Dr. Anderson was questioned about prior art, he testified that a former patent disclosed a unit that

> takes inputs, output of the quantizer and some signal from block 23 that's been delayed. That unit has no disclosed memory.
>
> Q. Okay. But what about the delay block 22, is that associated memory?
>
> A. I don't believe so.
>
> Q. Why not?
>
> A. Well -- I feel like asking why, why would you consider that to be the memory? That's a delay in order to correctly time the signal."

(Anderson Dep. II 131:7-16; *see also* Sound Design SOF ¶¶ 44, 46; Oticon CSOF ¶¶ 44, 46.) Thus, Dr. Anderson's testimony undermines the conclusory statement in his report that "delay registers . . . are also memory." (Anderson Report at 28.)

The whole point of the '233 Patent is to claim an alternative to the type of 6 dB-increment shifting technology employed in Sound Design's products and does so precisely through the use of memory. (*See* '233 Patent 5:17-20 ("In the vast majority of cases, a gradation of the amplification G in ΔG steps of 6 dB will not suffice. In order to solve this problem while at the same time continuing to pursue the goal of reducing the memory size, . . . ."), 9:34-50 (claiming in Claim 1 a method for digitizing that includes "*prestoring all possible values* of the digitized analog signal based upon the number of

- 10 -

quantizing steps; and *retrieving a prestored signal*") (emphases added), 10:14-27 (claiming in Claim 8 an analog-digital processing unit comprised of "a *memory and scaling unit*") (emphasis added); Sound Design SOF ¶ 32; Doc. 195, Oticon, Inc.'s Statement of Facts in Opp'n to Sound Design MSJ ("Oticon CSOF") ¶ 32 (agreeing that "[t]he '233 patent inventor determined that the 'multiplication' elements can be avoiding by using a 'memory and scaling unit' that stores pre-multiplied values" and that the "patent acknowledges that, if it were sufficient to adjust the gain in 6 dB increments, one could perform de-amplification by merely shifting instead of storing data in memory").)

Oticon argues that "Sound Design provides no basis for concluding the use of 6 dB steps to adjust the pre-amplifier gain *ipso facto* avoids the use of memory" and that Sound Design is attempting "to read in an embodiment from the specification to limit the scope of the claims," but Sound Design is not using the specification to limit the scope of the claims. (*See* Oticon Resp. at 12.) Rather, Sound Design is pointing out, as both the '233 Patent and Oticon acknowledge, that adjusting the gain in 6 dB increments avoids the necessity of having memory at all, and by disclosing (but not claiming) a process of de-amplification based on 6 dB steps in the specification, the '233 Patent dedicated this alternative design to the public. (*See* Sound Design SOF ¶ 32; Oticon CSOF ¶ 32; *Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*, 85 F.3d 1046, 1051 (Fed Cir 2002) (pointing out that "[b]ased on the well-established rule that subject matter disclosed but not claimed in a patent application is dedicated to the public, . . . as a matter of law," an accused party cannot infringe by using disclosed but unclaimed alternatives (quotations omitted)). Sound Design has submitted substantial evidence that it did use this alternative 6 dB de-amplification shifting process acknowledged by the '233 Patent to not require memory and thus, as a matter of law, did not infringe the '233 Patent. (*See* Onat Decl. ¶¶ 12-16; Boukhers Decl. ¶¶ 11-18.)

The only evidence that Oticon relies on for establishing the presence of memory in the accused products is Dr. Anderson's report. (*See* Oticon Resp. at 12, 16; *see also generally* Oticon MSJ at 11-14; Oticon Reply at 4-5.) But other than calling certain items

"register memory," Dr. Anderson does not explain how the accused products actually store information for later retrieval. (*See* Anderson Report at 25-29); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."); (*see also* Boukhers Decl. ¶ 24 ("Sound Design does not refer to registers as 'register memory' in its HDL code or in any design documentation.").) "It is well settled that an expert's unsupported [assertion that a particular critical claim limitation is found in the accused device] is insufficient to raise a genuine issue of material fact . . . ." *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1278 (Fed Cir. 2004) (holding that there was no material factual dispute where an expert's opinions that a critical claim limitation was found in the accused device were merely "conclusory assertions, reached using words in ways that contradict their plain meaning"). Apart from Dr. Anderson's clever labeling of "register memories," which does not comport with the plain meaning of the term "memory," Oticon has not submitted any evidence to suggest that the accused products contain a form of memory, and in fact there is substantial evidence to the contrary. *See, e.g.*, Onat Decl. ¶ 13 ("The HRX circuitry de-amplifies using combinatorial logic, which operates instantaneously (within a single clock cycle) without using a memory and produces output that is a pure function of the present input only."); Marion Decl. II, Ex. 3, Expert Report of Travis N. Blalock, Ph.D. Rebutting the Expert Reports of David V. Anderson Ph.D. & Walter Bratic ¶ 159 ("Gennum/Sound Design engineers designed their products to perform attenuation using combinatorial logic, not memory."); Boukhers Decl. ¶¶ 14-15 ("We designed Sound Design's HRX circuitry with the understanding that 6 dB gain adjustments would be sufficient. . . . The HRX circuitry de-amplifies . . . without using a memory . . . .").)

The Court concludes that the undisputed evidence shows that the accused products do not contain memory in the ordinary sense of the word, and that they therefore lack "a memory and scaling unit," which is a necessary part of Claim 8. Accordingly, the Court grants Sound Design's Motion for Summary Judgment and finds that no reasonable juror,

on the evidence presented, could conclude that Sound Design infringed the '233 Patent, let alone did so willfully.

## III. CONCLUSION

Oticon, as the party claiming infringement, bears the burden of proof for establishing each and every claim limitation. Because Oticon has not submitted evidence from which a reasonable jury could conclude that that the accused products contain either "output control inputs" or "memory" in a "memory and scaling unit" as required by Claim 8, the Court grants Sound Design's Motion for Summary Judgment of Non-Infringement and denies Oticon's Motion for Summary Judgment. Because Oticon's claims against SeboTek are derivative of Oticon's claims against Sound Design, the Court also grants SeboTek's Motion for Summary Judgment.

**IT IS ORDERED** granting Sound Design's Motion and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness ("Sound Design MSJ") (Docs. 160 (redacted public version) and 164 (sealed)).

**IT IS FURTHER ORDERED** granting SeboTek's Motion and Memorandum for Summary Judgment ("SeboTek MSJ") (Doc. 143).

**IT IS FURTHER ORDERED** denying Oticon, Inc.'s Motion for Summary Judgment (Doc. 167).

**IT IS FURTHER ORDERED** instructing the Clerk of Court to enter Judgment in favor of Plaintiff and Counter-Defendant Sound Design Technologies Limited and Defendant SeboTek Hearing Systems LLC.

Dated this 14th day of August, 2013.

Susan R. Bolton
United States District Judge

Case 1:14-1006-SD   Document 1-2   Page: 18   Filed: 10/02/2013 of 2

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Sound Design Technologies, Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | **JUDGMENT** |
| v. | ) | |
| Oticon, Inc., et al., | ) | CV-11-1375-PHX-SRB |
| | ) | |
| Defendant. | ) | |
| Oticon, Inc., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| v. | ) | |
| Sound Design Technologies, Ltd., | ) | |
| | ) | |
| Counterdefendant. | ) | |

Pursuant to the Court's order filed this date and upon the Court's instruction therein, judgment is entered for the Plaintiff and Counter-Defendant Sound Design Technologies Limited and Defendant SeboTek Hearing Systems LLC.

JUDGMENT ENTERED this 14th day of August, 2013.

BRIAN D. KARTH
District Court Executive/Clerk

s/ M. Pruneau
By: Deputy Clerk

# EXHIBIT C

1

2

3

4        **IN THE UNITED STATES DISTRICT COURT**

5          **FOR THE DISTRICT OF ARIZONA**

6

7   Sound Design Technologies, Ltd.,                   No. CV-11-01375-PHX-SRB
                                                                (Consolidiated)
8                      Plaintiff,
                                                       **ORDER**
9   v.

10  Oticon, Inc., et al.,

11                     Defendants.

12          The Court has received and considered Oticon, Inc.'s Motion for Reconsideration

13  of the Court's Order on Sound Design Technologies, Ltd's Motion for Summary

14  Judgment.

15          The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii,

16  42 F.3d 1185, 1198 (9th Cir. 1994). Motions for reconsideration are generally disfavored,

17  however, and should be granted only in rare circumstances. See Ross v. Arpaio, No. CV

18  05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. April 15, 2008) (citing

19  Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)).

20  Disagreement with an order is an insufficient basis for reconsideration. See id. (citing

21  Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988)). Nor should

22  reconsideration be used to make new arguments or to ask the Court to rethink its analysis.

23  See id. (citing United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998));

24  see also Nw. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.

25  1988); accord Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).

26  Reconsideration is only appropriate if: (1) the court is presented with newly discovered,

27  previously unavailable, evidence; (2) the court committed a clear error of law and the

28  initial decision was manifestly unjust; or (3) there has been an intervening change in

1   controlling law. Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255,

2   1263 (9th Cir. 1993). Such a motion, however, may not be used to re-litigate old matters

3   or to raise arguments that could have been raised before. See, e.g., Backlund, 778 F.2d at

4   1388.

5           Motions for reconsideration cannot be used to ask the Court "'to rethink what the

6   court has already thought through,'" merely because a plaintiff disagrees with the Court's

7   decision.   Rezzonico, 32 F. Supp. 2d at 1116 (quoting Above the Belt, Inc. v. Mel

8   Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)); see also Refrigeration Sales

9   Co., Inc. v. Mitchell-Jackson, Inc., 605 F. Supp. 6, 8 (N.D. Ill. 1983). Such disagreements

10  should be dealt with in the normal appellate process, not on a motion for reconsideration.

11  Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J.

12  1993); Refrigeration Sales Co., Inc., 605 F. Supp. at 7.

13          This case does not fall within one of those narrow instances where reconsideration

14  is appropriate. The moving party must show more than a disagreement with the court's

15  decision; a court should not grant a motion for reconsideration unless the moving party

16  shows that a clear error of law has been committed and the initial decision was manifestly

17  unjust. The Court finds that Plaintiff failed to set forth sufficient grounds to cause the

18  Court to reconsider its August 14, 2013 Order

19          IT IS ORDERED denying Oticon, Inc.'s Motion for Reconsideration of the

20  Court's Order on Sound Design Technologies, Ltd's Motion for Summary Judgment.

21  (Doc. 247)

22                  Dated this 29th day of August, 2013.

23

24

25                          _____

26                                  Susan R. Bolton
                            United States District Judge
27

28

APPEAL,CLOSED,LEAD,PROTO,STD

## U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CIVIL DOCKET FOR CASE #: 2:11-cv-01375-SRB

Sound Design Technologies Limited v. Oticon Incorporated
Assigned to: Judge Susan R Bolton
Cause: 28:1338 Patent Infringement

Date Filed: 07/12/2011
Date Terminated: 08/14/2013
Jury Demand: Defendant
Nature of Suit: 830 Property Rights: Patent
Jurisdiction: Federal Question

**Plaintiff**

**Sound Design Technologies Limited**

represented by **Bryan Scott Banks**
Perkins Coie LLP
P.O. Box
Phoenix, AZ 85001-0400
602-351-8000
Fax: 602-648-7043
Email: BBanks@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kent Cooper**
F&B LLP - Austin, TX
5113 Southwest Pkwy., Ste. 140
Austin, TX 78735
512-681-1500
Fax: 512-681-1590
Email: kcooper@fblawllp.com
*TERMINATED: 04/25/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Andrew Oblon**
Perkins Coie LLP
607 14th St NW
Ste 800
Washington, DC 20005
202-434-1607
Fax: 202-434-1690
Email: MOblon@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam V Floyd**
F&B LLP - Austin, TX
5113 Southwest Pkwy., Ste. 140
Austin, TX 78735
512-681-1500
Fax: 512-681-1590
Email: afloyd@fblawllp.com
*TERMINATED: 04/25/2012*
*ATTORNEY TO BE NOTICED*

**Matthew S Wermager**
F&B LLP - Austin, TX
5113 Southwest Pkwy., Ste. 140

Austin, TX 78735
512-681-1500
Fax: 512-681-1590
Email: mwermager@fblawllp.com
*TERMINATED: 04/25/2012*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Oticon Incorporated**                                 represented by **D Richard Anderson**
Birch Stewart Kolasch & Birch LLP
8110 Gatehouse Rd., Ste. 100 E
Falls Church, VA 22040-0747
703-205-8000
Fax: 703-205-8050
Email: dra@bskb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Lloyd Weiss**
Weiss & Moy PC
4204 N Brown Ave.
Scottsdale, AZ 85251
480-994-8888
Fax: 480-947-2663
Email: jweiss@weissiplaw.com
*ATTORNEY TO BE NOTICED*

**Michael B Marion**
Birch Stewart Kolasch & Birch LLP
8110 Gatehouse Rd., Ste. 100 E
Falls Church, VA 22040-0747
703-205-8000
Fax: 703-205-8050
Email: mbm@bskb.com
*ATTORNEY TO BE NOTICED*

**Naphtali Matlis**
Birch Stewart Kolasch & Birch LLP
8110 Gatehouse Rd., Ste. 100 E
Falls Church, VA 22040-0747
703-205-8000
Fax: 703-205-8050
Email: Naphtali.Matlis@bskb.com
*ATTORNEY TO BE NOTICED*

**Quentin R Corrie**
Birch Stewart Kolasch & Birch LLP
8110 Gatehouse Rd., Ste. 100 E
Falls Church, VA 22040-0747
703-205-8000
Fax: 703-205-8050
Email: qrc@bskb.com
*ATTORNEY TO BE NOTICED*

**Veronica-Adele dela Roca Cao**
Weiss & Moy PC
4204 N Brown Ave.
Scottsdale, AZ 85251

480-994-8888
Fax: 480-947-2663
Email: vcao@weissiplaw.com
*ATTORNEY TO BE NOTICED*

**Kenneth Michael Motolenich-Salas**
Weiss & Moy PC
4204 N Brown Ave.
Scottsdale, AZ 85251
480-994-8888
Fax: 480-947-2663
Email: kmotolenich@weissiplaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sebotek Hearing Systems LLC**　　　　represented by **Andrea Beth Schwartz**
Fulbright & Jaworski LLP - New York, NY
666 5th Ave.
New York, NY 10003
212-318-5038
*TERMINATED: 11/02/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J Jeffrey Richardson**
Fulbright & Jaworski LLP - Dallas, TX
2200 Ross Ave., Ste. 2800
Dallas, TX 75201
214-855-8000
Fax: 214-855-8200
Email:
jeff.richardson@nortonrosefulbright.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Greeson**
Fulbright & Jaworski LLP - Dallas, TX
2200 Ross Ave., Ste. 2800
Dallas, TX 75201
214-855-8000
Fax: 214-855-8200
Email: rgreeson@fulbright.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gennum Corporation**　　　　represented by **Thomas R Goots**
Jones Day - Cleveland, OH
North Point
901 Lakeside Ave.
Cleveland, OH 44114-1190
216-589-3939
Fax: 216-579-0212
Email: trgoots@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J Burke**
Fennemore Craig PC - Phoenix, AZ
2394 E Camelback Rd., Ste. 600

Phoenix, AZ 85016
602-916-5000
Fax: 602-916-5534
Email: tburke@fclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Oticon Incorporated**                    represented by   **D Richard Anderson**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jeffrey Lloyd Weiss**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Michael B Marion**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Naphtali Matlis**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Quentin R Corrie**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Veronica-Adele dela Roca Cao**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kenneth Michael Motolenich-Salas**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Sound Design Technologies Limited**      represented by   **Bryan Scott Banks**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kent Cooper**
                                                            (See above for address)
                                                            *TERMINATED: 04/25/2012*
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Michael Andrew Oblon**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Adam V Floyd**
                                                            (See above for address)
                                                            *TERMINATED: 04/25/2012*

*ATTORNEY TO BE NOTICED*

**Matthew S Wermager**
(See above for address)
*TERMINATED: 04/25/2012*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/11/2011 | 4 | MOTION for Admission Pro Hac Vice as to attorney Adam V Floyd on behalf of Sound Design Technologies Limited. (BAS) (Entered: 07/12/2011) |
| 07/11/2011 | 5 | MOTION for Admission Pro Hac Vice as to attorney Matthew S Wermager on behalf of Sound Design Technologies Limited. (BAS) (Entered: 07/12/2011) |
| 07/12/2011 | 1 | COMPLAINT. Filing fee received: $350.00, receipt number PHX 0970-5557225, filed by Sound Design Technologies Limited (submitted by Matthew Wermager). (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet)(REK) (Entered: 07/12/2011) |
| 07/12/2011 | 2 | Filing fee paid, receipt number PHX 0970-5557225. This case has been assigned to the Honorable Michelle H. Burns. All future pleadings or documents should bear the correct case number: CV 11-01375-PHX-MHB. Magistrate Election form attached. (Attachments: # 1 Magistrate Consent Form)(REK) (Entered: 07/12/2011) |
| 07/12/2011 | 3 | NOTICE TO PARTY OF DEFICIENCY RE CORPORATE DISCLOSURE STATEMENT: Pursuant to FRCiv 7.1 and LRCiv 7.1.1 the attached Corporate Disclosure Statement form must be filed by all nongovernmental corporate parties with their first appearance. A supplemental statement must be filed upon any change in the information. In addition, if not already filed, the Corporate Disclosure Statement should be filed within 14 days. Corporate Disclosure Statement Deadline set as to Sound Design Technologies Limited. (REK) (Entered: 07/12/2011) |
| 07/12/2011 |  | PRO HAC VICE FEE PAID. $100, receipt number PHX111479 as to Matthew S Wermager, Adam V Floyd. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 07/12/2011) |
| 07/12/2011 | 6 | ORDER pursuant to General Order 09-08 granting 4 Motion for Admission Pro Hac Vice; granting 5 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 07/12/2011) |
| 07/14/2011 | 7 | Corporate Disclosure Statement by Sound Design Technologies Limited identifying Corporate Parent Semiconductor Components Industries LLC, Corporate Parent ON Semiconductor Canada Holding Corporation Incorporated for Sound Design Technologies Limited.. (Wermager, Matthew) (Entered: 07/14/2011) |
| 07/18/2011 | 8 | Party Elects Assignment of Case to District Judge Jurisdiction. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAP) (Entered: 07/19/2011) |
| 07/19/2011 | 9 | Minute Order: Pursuant to Local Rule 3.8(a), a request has been received for a random reassignment of this case to a District Judge FURTHER ORDERED Case reassigned by random draw to Judge Neil V. Wake. All further pleadings/papers should now list the following COMPLETE case number: CV 11-1375-PHX-NVW. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAP) (Entered: 07/19/2011) |
| 08/23/2011 | 10 | *WITHDRAWN per Doc. 16 , *Defendant Oticon, Inc.'s* ANSWER to 1 Complaint with Jury Demand, COUNTERCLAIM against Sound Design Technologies Limited by Oticon Incorporated. (Attachments: # 1 Exhibit A)(Motolenich-Salas, Kenneth) Modified on 9/21/2011 (KAD). (Entered: 08/23/2011) |

| 08/23/2011 | 11 | Corporate Disclosure Statement by Oticon Incorporated identifying Corporate Parent William Demant Holding A/S for Oticon Incorporated, Oticon Incorporated.. (Motolenich-Salas, Kenneth) (Entered: 08/23/2011) |
|---|---|---|
| 08/23/2011 | 12 | VACATED per Doc. 16 , ORDER ISSUED: Scheduling Conference set for 11/4/2011 at 9:30 AM in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V Wake. The parties are ordered to provide initial disclosures at least 21 calendar days before the Scheduling Conference in the form required by Federal Rule of Civil Procedure 26(a)(1). See order for details. Signed by Judge Neil V Wake on 8/23/11. (NKS) Modified on 9/21/2011 (KAD). (Entered: 08/23/2011) |
| 09/20/2011 | 13 | WAIVER OF SERVICE Returned Executed by Oticon Incorporated. Oticon Incorporated waiver sent on 9/19/2011. (Motolenich-Salas, Kenneth) (Entered: 09/20/2011) |
| 09/20/2011 | 14 | STIPULATION *to Permit Withdrawal of Answer and Counterclaim (Doc. No. 10)* by Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 09/20/2011) |
| 09/21/2011 | 15 | Additional Attachments to Main Document re 14 Stipulation *Proposed Order* by Defendant Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 09/21/2011) |
| 09/21/2011 | 16 | IT IS ORDERED granting the parties' Joint Stipulation to Permit Withdrawal of Answer and Counterclaim (Doc. 14). IT IS FURTHER ORDERED that the time for Oticon to answer or otherwise move in response to the Complaint (Doc. 1) shall be determined pursuant to Fed. R. Civ. P. 4(d)(3), with the date of service of the Complaint deemed to be September 19, 2011. IT IS FURTHER ORDERED vacating the November 4, 2011 Scheduling Conference at this time and to indicate that Defendant's Answer (Doc. 10) has been withdrawn on the docket. Signed by Judge Neil V Wake on 9/21/11. (KAD) (Entered: 09/21/2011) |
| 09/22/2011 | 17 | *Defendant Oticon, Inc.'s* ANSWER to 1 Complaint with Jury Demand , COUNTERCLAIM against Sound Design Technologies Limited by Oticon Incorporated. (Attachments: # 1 Exhibit A)(Motolenich-Salas, Kenneth) (Entered: 09/22/2011) |
| 09/22/2011 | 18 | ORDER ISSUED: Scheduling Conference set for 11/10/2011 at 11:30 AM in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V Wake. The parties are ordered to provide initial disclosures at least 21 calendar days before the Scheduling Conference in the form required by Federal Rule of Civil Procedure 26(a)(1). See order for details. Signed by Judge Neil V Wake on 9/22/11. (NKS) (Entered: 09/22/2011) |
| 09/22/2011 | 19 | NOTICE re Service of Discovery Pursuant to Local Rule 5.2 by Oticon Incorporated . (Motolenich-Salas, Kenneth) (Entered: 09/22/2011) |
| 09/23/2011 | 20 | MOTION for Admission Pro Hac Vice as to attorney Quentin R Corrie on behalf of Oticon Incorporated. (BAS) (Entered: 09/26/2011) |
| 09/23/2011 | 21 | MOTION for Admission Pro Hac Vice as to attorney D Richard Anderson on behalf of Oticon Incorporated. (BAS) (Entered: 09/26/2011) |
| 09/23/2011 | 22 | MOTION for Admission Pro Hac Vice as to attorney Michael B Marion on behalf of Oticon Incorporated. (BAS) (Entered: 09/26/2011) |
| 09/26/2011 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX114007 as to Quentin R Corrie. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 09/26/2011) |
| 09/26/2011 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX114008 as to D Richard Anderson. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 09/26/2011) |
| 09/26/2011 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX114009 as to Michael B Marion. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 09/26/2011) |
| 09/26/2011 | 23 | ORDER pursuant to General Order 09-08 granting 22 Motion for Admission Pro Hac Vice; |

|  |  | granting 20 Motion for Admission Pro Hac Vice; granting 21 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 09/26/2011) |
|---|---|---|
| 10/13/2011 | 24 | Joint MOTION to Consolidate Cases *Nos. CV 11-1874 and CV11-1375* by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order)(Motolenich-Salas, Kenneth) (Entered: 10/13/2011) |
| 10/17/2011 | 25 | ANSWER to 17 Answer to Complaint, Counterclaim by Sound Design Technologies Limited. (Wermager, Matthew) (Entered: 10/17/2011) |
| 10/17/2011 | 26 | MOTION for Admission Pro Hac Vice as to attorney Kent Cooper on behalf of Sound Design Technologies Limited. (BAS) (Entered: 10/17/2011) |
| 10/17/2011 |  | PRO HAC VICE FEE PAID. $ 50, receipt number PHX114817 as to Kent Cooper. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 10/17/2011) |
| 10/17/2011 | 27 | ORDER pursuant to General Order 09-08 granting 26 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 10/17/2011) |
| 10/20/2011 | 28 | NOTICE re Service of Oticon's Initial Disclosure Statement by Oticon Incorporated . (Motolenich-Salas, Kenneth) (Entered: 10/20/2011) |
| 10/20/2011 | 29 | NOTICE re of Service of Initial Disclosures Pursuant to Rule 26(a)(1) by Sound Design Technologies Limited . (Wermager, Matthew) (Entered: 10/20/2011) |
| 10/20/2011 | 30 | NOTICE re of Service of First Set of Requests for Production (Nos. 1-79) and First Set of Interrogatories (Nos. 1-14) to Defendant Oticon, Inc. by Sound Design Technologies Limited . (Wermager, Matthew) (Entered: 10/20/2011) |
| 10/25/2011 | 31 | STIPULATION *Extending Time on Discovery* by Oticon Incorporated, Sound Design Technologies Limited. (Floyd, Adam) (Entered: 10/25/2011) |
| 10/25/2011 | 32 | ORDER granting the parties' 31 Stipulation Extending Time on Discovery. See order for revised deadlines. Signed by Judge Neil V Wake on 10/25/11. (NKS) (Entered: 10/25/2011) |
| 10/28/2011 | 33 | STIPULATION *for Entry of Protective Order* by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order [Proposed] Protective Order)(Motolenich-Salas, Kenneth) (Entered: 10/28/2011) |
| 11/02/2011 | 34 | CONSOLIDATION ORDER - LEAD CASE granting the parties' Joint Stipulated Motion to Consolidate Cases Nos. CV 11-1874-PHX-GMS and CV 11-1375-PHX-NVW 24 . ORDER directing the Clerk of the Court to consolidate the above-entitled actions. The parties shall file all future pleadings in CV 11-1375-PHX-NVW. Signed by Judge Neil V Wake on 11/1/11. (TLJ) (Entered: 11/02/2011) |
| 11/03/2011 | 35 | Joint MOTION for Extension of Time to File Case Management Plan by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order)(Motolenich-Salas, Kenneth) (Entered: 11/03/2011) |
| 11/03/2011 | 36 | STIPULATION *Extending Time on Discovery (Second)* by Oticon Incorporated, Sound Design Technologies Limited. (Floyd, Adam) (Entered: 11/03/2011) |
| 11/03/2011 | 37 | ORDER this case be reassigned, by lot, to another judge in the District of Arizona. ORDER that this matter has been reassigned by random lot to the Honorable Susan R. Bolton. All future pleadings and papers submitted for filing shall bear the following complete case numbers: CV 11-1375-PHX-SRB and CV 11-1874-PHX-SRB. Pending: Stipulated Motion to Extend Time to File Case Management Plan 35 in the lead case. Signed by Judge Neil V Wake on 11/3/11. |

| | | |
|---|---|---|
| | | (TLJ) (Entered: 11/03/2011) |
| 11/03/2011 | 38 | Minute Order: Scheduling Conference is re-set from 11/10/2011 to 11/14/2011 at 11:00 AM before Judge Susan R Bolton, Courtroom 502. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAW) (Entered: 11/03/2011) |
| 11/03/2011 | 39 | ORDER granting 35 Motion for Extension of Time to File Case Management Plan. Pursuant to this Order the parties shall file the Case Management Plan on or before Monday, November 7, 2011. Signed by Judge Susan R Bolton on 11/3/11.(MAW) (Entered: 11/03/2011) |
| 11/03/2011 | 40 | ORDER granting 36 Stipulation Extending Time on Discovery. IT IS FURTHER ORDERED nunc pro tunc:On November 2, 2011, SDT will serve objections to Oticon's RFP's. Signed by Judge Susan R Bolton on 11/3/11. (MAW) (Entered: 11/03/2011) |
| 11/07/2011 | 41 | PROTECTIVE ORDER issued. Signed by Judge Susan R Bolton on 11/7/11. (SJF) (Entered: 11/07/2011) |
| 11/07/2011 | 42 | REPORT of Rule 26(f) Planning Meeting by Gennum Corporation, Oticon Incorporated, Sebotek Hearing Systems LLC, Sound Design Technologies Limited. (Floyd, Adam) (Entered: 11/07/2011) |
| 11/08/2011 | 43 | NOTICE re Service of Rule 26(a)(1) Initial Disclosures by Gennum Corporation . (Burke, Timothy) (Entered: 11/08/2011) |
| 11/09/2011 | 44 | NOTICE of Appearance by Veronica-Adele dela Roca Cao on behalf of Oticon Incorporated (Cao, Veronica-Adele) (Entered: 11/09/2011) |
| 11/14/2011 | 45 | Minute Entry. Proceedings held before Judge Susan R Bolton: Scheduling Conference held on 11/14/2011. Deadlines discussed and entered. Scheduling Order to follow. A copy of the Joint Proposed Pretrial Order is provided to counsel this date. (Court Reporter Liz Lemke)(MAW) (Entered: 11/14/2011) |
| 11/15/2011 | 46 | SCHEDULING ORDER: Discovery due by 8/31/2012. Dispositive motions due by 2/1/2013. Proposed Pretrial Order due by 6/24/2013. Markman Hearing set for 3/20/2012 at 09:00 AM before Judge Susan R Bolton. Final Pretrial Conference set for 7/1/2013 at 10:00 AM before Judge Susan R Bolton. Jury Trial set for 7/9/2013 at 09:00 AM before Judge Susan R Bolton [see Order for full details]. Signed by Judge Susan R Bolton on 11/15/11. (MAW) (Entered: 11/15/2011) |
| 11/28/2011 | 47 | NOTICE re Service of Discovery by Oticon Incorporated . (Motolenich-Salas, Kenneth) (Entered: 11/28/2011) |
| 01/20/2012 | 48 | STIPULATION *For Entry of Amended Protective Order* by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order Proposed Amended Protective Order)(Motolenich-Salas, Kenneth) (Entered: 01/20/2012) |
| 01/20/2012 | 49 | BRIEF *GENNUM CORP.'S OPENING CLAIM CONSTRUCTION BRIEF* by Defendant Gennum Corporation. (Burke, Timothy) (Entered: 01/20/2012) |
| 01/20/2012 | 50 | BRIEF *SOUND DESIGN TECHNOLOGIES, LTD. OPENING CLAIM CONSTRUCTION BRIEF* by Plaintiff Sound Design Technologies Limited, Counter Defendant Sound Design Technologies Limited. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Wermager, Matthew) (Entered: 01/20/2012) |
| 01/20/2012 | 51 | *NOTICE re *Notice of Filing Exhibits to Gennum's Opening Claim Construction Brief* by Defendant Gennum Corporation. (Burke, Timothy) *Modified to correct event type on 1/23/2012 (CMAL). (Entered: 01/20/2012) |
| 01/20/2012 | 52 | *Additional Attachments to Main Document re 49 Brief (Non Appeal) *Notice of Filing Exhibits to Gennum Corp.'s Opening Claim Construction Brief with attached exhibits* by Defendant Gennum Corporation. (Attachments: # 1 Exhibit Exhibits to Brief)(Burke, Timothy) *Modified to correct event type on 1/23/2012 (CMAL). (Entered: 01/20/2012) |
| | | |

| 01/23/2012 | 53 | AMENDED PROTECTIVE ORDER re 48 Stipulation (see attached pdf for complete information). Signed by Judge Susan R Bolton on 1/23/12. (TLJ) (Entered: 01/23/2012) |
|---|---|---|
| 02/17/2012 | 54 | BRIEF *Oticon, Inc.'s Responsive Claim Construction Brief to the Opening Claim Construction Briefs of Gennum Corp. amd Sound Design Technologies, Ltd.* by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Motolenich-Salas, Kenneth) (Entered: 02/17/2012) |
| 02/17/2012 | 55 | BRIEF *SeboTek Hearing Systems, LLC's Claim Construction Reply Brief* by Defendant Sebotek Hearing Systems LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Richardson, J) (Entered: 02/17/2012) |
| 03/19/2012 | 56 | NOTICE re SeboTek's Notice to Narrow Claim Construction Issues by Sebotek Hearing Systems LLC . (Attachments: # 1 Exhibit A)(Richardson, J) (Entered: 03/19/2012) |
| 03/20/2012 | 57 | Minute Entry. Proceedings held before Judge Susan R Bolton: Markman Hearing held on 3/20/2012. Evidence entered. IT IS ORDERED taking this matter under advisement [see minute entry for full details]. (Court Reporter Liz Lemke)(MAW) (Entered: 03/21/2012) |
| 03/20/2012 | 58 | Witness List by Oticon Incorporated, re: Markman hearing. (REW) (Entered: 03/21/2012) |
| 03/20/2012 | 59 | Exhibit List by Oticon Incorporated, re: Markman hearing. (REW) (Entered: 03/21/2012) |
| 03/20/2012 | 60 | Witness List by Gennum Corporation, Oticon Incorporated, Sebotek Hearing Systems LLC, re: Markman hearing. (REW) (Entered: 03/21/2012) |
| 03/20/2012 | 61 | Exhibit List by Gennum Corporation, Oticon Incorporated, Sebotek Hearing Systems LLC, re: Markman hearing. (REW) (Entered: 03/21/2012) |
| 03/20/2012 | 62 | MINUTE ORDER, re: Exhibits. Exhibits are returned to respective counsel; counsel directed to retain custody of the exhibits until the case has been completely terminated, including all appeals. (REW) (Entered: 03/21/2012) |
| 04/10/2012 | 63 | ORDER the Court adopts the following constructions for the following claim terms (see attached pdf for complete information). Signed by Judge Susan R Bolton on 4/10/12. (TLJ) (Entered: 04/10/2012) |
| 04/11/2012 | 64 | TRANSCRIPT REQUEST by Gennum Corporation for proceedings held on 03/12/2012 before Judge Bolton.. (Burke, Timothy) (Entered: 04/11/2012) |
| 04/13/2012 | 65 | ORDER: IT IS HEREBY ORDERED that the exhibits admitted in the above-entitled case are to be returned to counsel/agents of record. IT IS FURTHER ORDERED the parties are to remove the exhibits from the custody of the Clerk of the Court, pursuant to LRCiv 79.1, by May 14, 2012, or the Clerk may destroy or otherwise dispose of those exhibits. Counsel are directed to contact this Court's clerk Maureen Williams [602-322-7232] to arrange for the pick up of said exhibits. Signed by Judge Susan R Bolton on 4/13/12. (MAW) (Entered: 04/13/2012) |
| 04/16/2012 | 66 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Markman Hearing. Proceedings held on 3/20/2012, before Judge Susan R. Bolton. Court Reporter Elizabeth A. Lemke. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 5/7/2012. Redacted Transcript Deadline set for 5/17/2012. Release of Transcript Restriction set for 7/16/2012. (VAR) (Entered: 04/17/2012) |
| 04/19/2012 | 67 | MINUTE ORDER RE: EXHIBITS that the exhibits marked and admitted at the time of trial/hearing are returned to respective counsel.Signed by Deputy Clerk on 4/18/12. (TLJ) (Entered: 04/19/2012) |
| 04/24/2012 | 68 | MOTION to Substitute Attorney by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Banks, Bryan) (Entered: 04/24/2012) |

| 04/24/2012 | 69 | MOTION for Extension of Time for Filing Motion for Reconsideration by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Banks, Bryan) (Entered: 04/24/2012) |
|---|---|---|
| 04/25/2012 | 70 | Additional Attachments to Main Document re 68 MOTION to Substitute Attorney *Consent* by Plaintiff Sound Design Technologies Limited, Counter Defendant Sound Design Technologies Limited. (Banks, Bryan) (Entered: 04/25/2012) |
| 04/25/2012 | 71 | ORDER ALLOWING SUBSTITUTION OF COUNSEL substituting Bryan S. Banks and Michael A. Oblon as counsel for Sound Design in this matter, replacing Adam V. Floyd, Matthew S. Wermager and Kent Cooper re granting 68 Motion to Substitute Attorney. Signed by Judge Susan R Bolton on 4/25/12.(TLJ) (Entered: 04/25/2012) |
| 04/25/2012 | 72 | ORDER granting Plaintiff/Counterdefendant Sound Design Technologies Ltd.'s 69 Motion for Extension of Deadline for filing Motion For Reconsideration and extending the deadline to May 3, 2012. Signed by Judge Susan R Bolton on 4/25/12. (LFIG) (Entered: 04/25/2012) |
| 04/25/2012 | 73 | TRANSCRIPT REQUEST by Oticon Incorporated for proceedings held on 3/20/2012 before Judge Susan R. Bolton.. (Motolenich-Salas, Kenneth) (Entered: 04/25/2012) |
| 04/27/2012 | 74 | MOTION for Admission Pro Hac Vice as to attorney Michael A. Oblon by Sound Design Technologies Limited. (Oblon, Michael) (Entered: 04/27/2012) |
| 04/27/2012 | 75 | NOTICE TO FILER OF DEFICIENCY re 74 MOTION for Admission Pro Hac Vice as to attorney Michael A. Oblon filed by Sound Design Technologies Limited. Description of deficiency: Certificate of Good Standing incorrect. Please see the attached PDF for further information and instructions. (BAS) (Entered: 04/27/2012) |
| 04/30/2012 | 76 | MOTION for Admission Pro Hac Vice as to attorney Michael A. Oblon by Sound Design Technologies Limited. (Oblon, Michael) (Entered: 04/30/2012) |
| 04/30/2012 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX121465 as to Michael Andrew Oblon. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 04/30/2012) |
| 04/30/2012 | 77 | ORDER pursuant to General Order 09-08 terminating 74 Motion for Admission Pro Hac Vice; granting 76 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 04/30/2012) |
| 05/03/2012 | 78 | MOTION for Reconsideration re 63 Order *re Claim Construction on the '233 Patent* by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Banks, Bryan) (Entered: 05/03/2012) |
| 05/03/2012 | 79 | DECLARATION of Counsel Michael A. Oblon in Support of re 78 MOTION for Reconsideration re 63 Order *re Claim Construction on the '233 Patent* by Plaintiff Sound Design Technologies Limited, Counter Defendant Sound Design Technologies Limited. (Attachments: # 1 Exhibit Index and Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Banks, Bryan) (Entered: 05/03/2012) |
| 05/11/2012 | 80 | ORDER: The Court has reviewed Plaintiff's Motion for Limited Reconsideration of the Court's Claim Construction Order on the '233 Patent 63 . IT IS ORDERED that Defendants file a response to the Motion for Limited Reconsideration 78 within 10 days of the date of this Order. IT IS FURTHER ORDERED that Plaintiff may file a reply. Signed by Judge Susan R Bolton on 5/11/12. (MAW) (Entered: 05/11/2012) |
| 05/21/2012 | 81 | RESPONSE to Motion re 78 MOTION for Reconsideration re 63 Order *re Claim Construction on the '233 Patent* filed by Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 05/21/2012) |
| 05/21/2012 | 82 | RESPONSE to Motion re 78 MOTION for Reconsideration re 63 Order *re Claim Construction* |

| | | |
|---|---|---|
| | | *on the '233 Patent* filed by Sebotek Hearing Systems LLC. (Greeson, Robert) (Entered: 05/21/2012) |
| 05/25/2012 | 83 | MOTION to Dismiss Party Oticon, Inc. and Gennum Corporation by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order)(Motolenich-Salas, Kenneth) (Entered: 05/25/2012) |
| 05/30/2012 | 84 | ORDER dismissing all claims between Oticon, Inc. and Gennum Corp., with prejudice, each party to bear its own costs and attorneys' fees re pursuant to 83 Stipulated Motion to Dismiss. Signed by Judge Susan R Bolton on 5/30/12.(TLJ) (Entered: 05/30/2012) |
| 06/01/2012 | 85 | REPLY to Response to Motion re 78 MOTION for Reconsideration re 63 Order *re Claim Construction on the '233 Patent* filed by Sound Design Technologies Limited. (Banks, Bryan) (Entered: 06/01/2012) |
| 06/07/2012 | 86 | Joint MOTION to Dismiss Party SeboTek Hearing Systems, LLC and Gennum Coproration by Sebotek Hearing Systems LLC. (Attachments: # 1 Text of Proposed Order)(Richardson, J) (Entered: 06/07/2012) |
| 06/07/2012 | 87 | ORDER DISMISSING CLAIMS BETWEEN SEBOTEK AND GENNUM without prejudice, each party to bear its own costs and attorneys' fees re granting 86 Motion to Dismiss Party. Signed by Judge Susan R Bolton on 6/7/12.(TLJ) (Entered: 06/07/2012) |
| 07/16/2012 | 88 | ORDER granting in part Sound Design's Motion for Reconsideration 78 and adopts the following constructions (see attached pdf for complete information). Signed by Judge Susan R Bolton on 7/16/12.(TLJ) (Entered: 07/16/2012) |
| 07/18/2012 | 89 | NOTICE re Service of Discovery by Sound Design Technologies Limited . (Banks, Bryan) (Entered: 07/18/2012) |
| 07/23/2012 | 90 | NOTICE re Service of Discovery by Oticon Incorporated . (Motolenich-Salas, Kenneth) (Entered: 07/23/2012) |
| 07/27/2012 | 91 | NOTICE re Notice of Service of Discovery by Sound Design Technologies Limited . (Banks, Bryan) (Entered: 07/27/2012) |
| 07/31/2012 | 92 | NOTICE re Service of Discovery by Oticon Incorporated . (Motolenich-Salas, Kenneth) (Entered: 07/31/2012) |
| 08/21/2012 | 93 | Joint MOTION to Amend/Correct 46 Scheduling Order, by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Banks, Bryan) (Entered: 08/21/2012) |
| 08/24/2012 | 94 | ORDER that the Rule 16 Scheduling Order 46 is hereby modified as follows: Discovery due by 10/29/12; dispositive motions due by 2/15/13 re pursuant to 93 Joint Motion to Modify the Procedural Schedule. Signed by Judge Susan R Bolton on 8/24/12.(TLJ) (Entered: 08/24/2012) |
| 08/30/2012 | 95 | NOTICE re Service of Discovery by Sound Design Technologies Limited . (Banks, Bryan) (Entered: 08/30/2012) |
| 09/13/2012 | 96 | Minute Order: Request for Copyright, Trademark, or Patent Information. This case has been designated as a copyright, trademark, or patent case. The Clerk's Office is required to provide information to the Patent and Trademark Office and/or Copyright Office regarding this case. For patent or trademark cases, the following information is required: itemized list of each patent or trademark that is the subject of the litigation, date of each patent or trademark, and the holder of the patent or trademark. For copyright cases, the following information is required: the registration number for the copyright(s) that are the subject of the litigation, the Title of the Work(s) for that copyright(s), and the Author(s) for each copyright. <br><br> Therefore, within five (5) days, you must provide the above information to the Clerk's Office by filing a Notice with the Court using the specific event: Notice of Filing - Copyright, Trademark or Patent Information, found under the Other Filings header. If additional patents, copyrights, or trademarks are alleged in a responsive pleading, then defendant is also required to provide the above information within five (5) days of this minute order. (CLB) (Entered: 09/13/2012) |

| 09/13/2012 | 97 | NOTICE of Filing - Copyright, Trademark or Patent Information filed by Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 09/13/2012) |
| --- | --- | --- |
| 11/01/2012 | 98 | Joint MOTION to Amend/Correct 94 Order on Motion to Amend/Correct, *Scheduling Order* by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Banks, Bryan) (Entered: 11/01/2012) |
| 11/07/2012 | 99 | ORDER granting 98 Motion to Modify Procedural Schedule. Fact discovery must be completed by December 5, 2012. Opening expert witness disclosures are due no later than December 31, 2012. Rebuttal expert witness disclosures are due no later than January 31, 2013. Expert discovery must be completed by February 15, 2013. Dispositive motions shall be filed no later thanFebruary 28, 2013. Signed by Judge Susan R Bolton on 11/7/12.(MAW) (Entered: 11/07/2012) |
| 11/16/2012 | 100 | NOTICE re Service of Discovery by Oticon Incorporated *Oticon's Renewed Notice of Deposition of Sound Design Technologies, Ltd.*. (Motolenich-Salas, Kenneth) (Entered: 11/16/2012) |
| 11/21/2012 | 101 | STRICKEN (motion to compel) by (Doc. 109) - *MEMORANDUM MOTION TO COMPEL-Defendant Oticon, Inc.s Motion to Compel Depositions of Sound Design Technologies, Ltd.s 30(b)(6) Witnesses by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Attachments: # 1 Exhibit Exhibit A to Defendant Oticon, Inc.s Motion to Compel Depositions of Sound Design Technologies, Ltd.s 30(b)(6) Witnesses, # 2 Exhibit Exhibit B to Defendant Oticon, Inc.s Motion to Compel Depositions of Sound Design Technologies, Ltd.s 30(b)(6) Witnesses)(Motolenich-Salas, Kenneth) *Modified to add motion part on 11/26/2012 (TLJ). Modified on 11/27/2012 (DMT). (Entered: 11/21/2012) |
| 11/21/2012 | 102 | STRICKEN by (Doc. 109) - First MOTION to Compel ANSWERS TO OTICONS FIRST AND SECOND SET OF INTERROGATORIES AND DOCUMENTS RESPONSIVE TO OTICONS FIRST REQUESTS FOR PRODUCTION FROM SOUND DESIGN TECHNOLOGIES, LTD. by Oticon Incorporated. (Motolenich-Salas, Kenneth) Modified on 11/27/2012 (DMT). (Entered: 11/21/2012) |
| 11/21/2012 | 103 | DECLARATION of Kenneth Motolenich-Salas IN SUPPORT OF DEFENDANT OTICON, INC.S MOTION TO COMPEL ANSWERS TO OTICONS FIRST AND SECOND SET OF INTERROGATORIES AND DOCUMENTS RESPONSIVE TO OTICONS FIRST REQUESTS FOR PRODUCTION FROM SOUND DESIGN TECHNOLOGIES, LTD re 102 First MOTION to Compel ANSWERS TO OTICONS FIRST AND SECOND SET OF INTERROGATORIES AND DOCUMENTS RESPONSIVE TO OTICONS FIRST REQUESTS FOR PRODUCTION FROM SOUND DESIGN TECHNOLOGIES, LTD. by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Attachments: # 1 Exhibit Exhibit A to DECLARATION OF KENNETH MOTOLENICH-SALAS IN SUPPORT OF DEFENDANT OTICON, INC.S MOTION TO COMPEL ANSWERS TO OTICONS FIRST AND SECOND SET OF INTERROGATORIES AND DOCUMENTS RESPONSIVE TO OTICONS FIRST REQUESTS FOR PRODUCTION FROM SOUND DESIGN TECHNOLOGIES, LTD., # 2 Exhibit Exhibit B to DECLARATION OF KENNETH MOTOLENICH-SALAS IN SUPPORT OF DEFENDANT OTICON, INC.S MOTION TO COMPEL ANSWERS TO OTICONS FIRST AND SECOND SET OF INTERROGATORIES AND DOCUMENTS RESPONSIVE TO OTICONS FIRST REQUESTS FOR PRODUCTION FROM SOUND DESIGN TECHNOLOGIES, LTD., # 3 Exhibit Exhibit C to DECLARATION OF KENNETH MOTOLENICH-SALAS IN SUPPORT OF DEFENDANT OTICON, INC.S MOTION TO COMPEL ANSWERS TO OTICONS FIRST AND SECOND SET OF INTERROGATORIES AND DOCUMENTS RESPONSIVE TO OTICONS FIRST REQUESTS FOR PRODUCTION FROM SOUND DESIGN TECHNOLOGIES, LTD., # 4 Exhibit Exhibit D to DECLARATION OF KENNETH MOTOLENICH-SALAS IN SUPPORT OF DEFENDANT OTICON, INC.S MOTION TO COMPEL ANSWERS TO OTICONS FIRST AND SECOND SET OF INTERROGATORIES AND DOCUMENTS RESPONSIVE TO OTICONS FIRST REQUESTS FOR PRODUCTION FROM SOUND DESIGN TECHNOLOGIES, LTD., # 5 Exhibit Exhibit E to DECLARATION OF KENNETH MOTOLENICH-SALAS IN SUPPORT OF DEFENDANT OTICON, INC.S MOTION TO COMPEL ANSWERS TO OTICONS FIRST AND SECOND SET OF INTERROGATORIES |

| | | |
|---|---|---|
| | | AND DOCUMENTS RESPONSIVE TO OTICONS FIRST REQUESTS FOR PRODUCTION FROM SOUND DESIGN TECHNOLOGIES, LTD.)(Motolenich-Salas, Kenneth) (Entered: 11/21/2012) |
| 11/21/2012 | 104 | Additional Attachments to Main Document re 102 First MOTION to Compel ANSWERS TO OTICONS FIRST AND SECOND SET OF INTERROGATORIES AND DOCUMENTS RESPONSIVE TO OTICONS FIRST REQUESTS FOR PRODUCTION FROM SOUND DESIGN TECHNOLOGIES, LTD. *Exhibit 1 to Motion to Compel* by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 11/21/2012) |
| 11/26/2012 | 105 | NOTICE re Service of Subpoena by Sound Design Technologies Limited . (Attachments: # 1 Exhibit A)(Banks, Bryan) (Entered: 11/26/2012) |
| 11/26/2012 | 106 | NOTICE re Service of Discovery by Oticon Incorporated *(Oticon's Supplemental Response to Plaintiff Sound Design Technologies, Ltd.'s Interrogatory No. 15)*. (Motolenich-Salas, Kenneth) (Entered: 11/26/2012) |
| 11/27/2012 | 107 | NOTICE re Service of Discovery by Oticon Incorporated *(Oticon's Responses and Objections to Plaintiff/Counterclaim Defendant Sound Design Technologies' Notice of Fed. R. Civ. P. 30 (b)(6) Deposition of Oticon)*. (Motolenich-Salas, Kenneth) (Entered: 11/27/2012) |
| 11/27/2012 | 108 | WITHDRAWAL OF DOCUMENT re 101 MOTION to Compel *Depositions of Sound Design Technologies Fed. R. Civ. P. 30(b)(6) Witnesses* by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 11/27/2012) |
| 11/27/2012 | 109 | ORDER striking 101 , 102 Motions to Compel. Counsel are directed to paragraph J of the Rule 16 Scheduling Order signed by this Court on November 15, 2011. Signed by Judge Susan R Bolton on 11/27/12.(DMT) (Entered: 11/27/2012) |
| 11/29/2012 | 110 | NOTICE re Service of Discovery by Sound Design Technologies Limited . (Banks, Bryan) (Entered: 11/29/2012) |
| 12/06/2012 | 111 | NOTICE re Service of Discovery by Sound Design Technologies Limited . (Banks, Bryan) (Entered: 12/06/2012) |
| 12/10/2012 | 112 | NOTICE re of Service of Discovery by Sebotek Hearing Systems LLC . (Richardson, J) (Entered: 12/10/2012) |
| 12/31/2012 | 113 | * Joint MOTION to Amend/Correct 99 Order on Motion to Amend/Correct, *Scheduling Order* by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order)(Motolenich-Salas, Kenneth). * Added MOTION for Status Telephone Conference on 1/2/2013 (LAD). (Entered: 12/31/2012) |
| 01/03/2013 | 114 | NOTICE re Service of Discovery by Sebotek Hearing Systems LLC . (Greeson, Robert) (Entered: 01/03/2013) |
| 01/04/2013 | 115 | ORDER granting 113 Motion to Modify the Procedural Schedule. IT IS FURTHER ORDERED vacating the pretrial conference set on July 1, 2013, and the trial date of July 9, 2013, to be reset after dispositive motions are ruled on.IT IS FURTHER ORDERED vacating the pretrial order deadline and the motion in limine deadline. IT IS FURTHER ORDERED denying 113 the Request for a Status Telephone Conference as moot [see Order for details]. Signed by Judge Susan R Bolton on 1/4/13.(MAW) (Entered: 01/04/2013) |
| 01/07/2013 | 116 | MOTION for Admission Pro Hac Vice as to attorney Naphtali Matlis on behalf of Oticon Incorporated. (BAS) (Entered: 01/07/2013) |
| 01/07/2013 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX129786 as to Naphtali Matlis. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 01/07/2013) |
| 01/07/2013 | 117 | ORDER pursuant to General Order 09-08 granting 116 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in |

| | | |
|---|---|---|
| | | which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 01/07/2013) |
| 01/10/2013 | 118 | *NOTICE OF SERVICE by Sound Design Technologies Limited *of Discovery* (Banks, Bryan) *Modified to correct event type on 1/11/2013 (TLJ). (Entered: 01/10/2013) |
| 01/24/2013 | 119 | NOTICE re Service of Expert Disclosure by Sound Design Technologies Limited . (Banks, Bryan) (Entered: 01/24/2013) |
| 01/25/2013 | 120 | NOTICE re Service by Oticon Incorporated *Notice of Service of Oticon, Inc.'s Expert Disclosures.* (Motolenich-Salas, Kenneth) (Entered: 01/25/2013) |
| 01/25/2013 | 121 | NOTICE re Service of Discovery by Sebotek Hearing Systems LLC . (Greeson, Robert) (Entered: 01/25/2013) |
| 02/08/2013 | 122 | MOTION to Seal Document by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Banks, Bryan) (Entered: 02/08/2013) |
| 02/08/2013 | 123 | SEALED LODGED Proposed Motion to Modify the Schedule Regarding Expert Discovery Pending Consideration of a Motion for Summary Judgment of Non-Infringement re: 122 MOTION to Seal Document . Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Banks, Bryan) (Entered: 02/08/2013) |
| 02/08/2013 | 124 | Emergency MOTION to Stay *the Deadline for Rebuttal Expert Reports* by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Banks, Bryan) (Entered: 02/08/2013) |
| 02/11/2013 | 125 | ORDER granting 124 Emergency Motion to Stay the Deadline for Rebuttal Expert Reports. FURTHER ORDERED that Defendant Oticon, Inc. respond to Plaintiff's Motion to Modify the Schedule Regarding Expert Discovery Pending Consideration of a Motion for Summary Judgment of Non-Infringement no later than February 15, 2013. Signed by Judge Susan R Bolton on 2/11/13.(MAP) (Entered: 02/11/2013) |
| 02/15/2013 | 126 | Oticon's RESPONSE in Opposition re 123 Sound Design Technologies' Lodged Motion to Modify Schedule re: Expert Discovery Pending Consideration of a Motion for Summary Judgment of Non-Infringement. (Motolenich-Salas, Kenneth) *Modified to correct event on 2/19/2013 (JHER). (Entered: 02/15/2013) |
| 02/25/2013 | 127 | REPLY to Response to Motion re 122 MOTION to Seal Document *Motion to Modify the Schedule Regarding Expert Discovery Pending Consideration of a Motion for Summary Judgment of Non-Infringement* filed by Sound Design Technologies Limited. (Attachments: # 1 Exhibit A)(Banks, Bryan) (Entered: 02/25/2013) |
| 02/26/2013 | 128 | ORDER denying 122 Motion to Seal. FURTHER ORDERED directing the Clerk to file in the lodged Motion to Modify the Schedule Regarding Expert Discovery Pending Consideration of a Motion for Summary Judgment of Non-Infringement on the public docket. Signed by Judge Susan R Bolton on 2/26/13.(MAP) (Entered: 02/26/2013) |
| 02/26/2013 | 129 | MOTION to Modify the Schedule Regarding Expert Discovery Pending Consideration of a Motion for Summary Judgment of Non-Infringement by Sound Design Technologies Limited. (MAP) (Entered: 02/26/2013) |
| 02/26/2013 | 130 | ORDER denying Plaintiff's Motion to Modify the Schedule Regarding Expert Discovery Pending Consideration of a Motion for Summary Judgment on Non-Infringement. (Doc. 129 .) IT IS FURTHER ORDERED that rebuttal expert disclosures shall be made no later than March 25, 2013. Expert discovery shall be completed by April 11, 2013 and dispositive motions shall be filed no later than April 22, 2013. Signed by Judge Susan R Bolton on 2/26/2013.(KMG) (Entered: 02/26/2013) |
| 03/26/2013 | 131 | NOTICE re Service by Oticon Incorporated *(Dr. David Anderson's Expert Report).* (Motolenich-Salas, Kenneth) (Entered: 03/26/2013) |

| 03/27/2013 | 132 | NOTICE re Service of Expert Rebuttal Disclosures by Sound Design Technologies Limited . (Banks, Bryan) (Entered: 03/27/2013) |
| 03/28/2013 | 133 | NOTICE re of Service of Discovery by Sebotek Hearing Systems LLC . (Richardson, J) (Entered: 03/28/2013) |
| 03/28/2013 | 134 | NOTICE re Service by Oticon Incorporated *Oticon, Inc.'s Notice of Service of Notices of Deposition of Travis N. Blalock and Keith R. Ugone*. (Motolenich-Salas, Kenneth) (Entered: 03/28/2013) |
| 03/29/2013 | 135 | NOTICE of Deposition of David V. Anderson, Ph.D., filed by Sound Design Technologies Limited. (Banks, Bryan) (Entered: 03/29/2013) |
| 03/29/2013 | 136 | NOTICE of Deposition of Walter Bratic, filed by Sound Design Technologies Limited. (Banks, Bryan) (Entered: 03/29/2013) |
| 04/05/2013 | 137 | Joint MOTION to Modify the Schedule and to Enlarge Page Limits for Dispositive Motion Briefing re 130 Order on Motion for Miscellaneous Relief, by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Banks, Bryan) (Entered: 04/05/2013) |
| 04/08/2013 | 138 | NOTICE of Deposition of David V. Anderson, Ph.D., filed by Sound Design Technologies Limited. (Banks, Bryan) (Entered: 04/08/2013) |
| 04/11/2013 | 139 | ORDER granting 137 Joint Motion to Modify the Schedule and to Enlarge Page Limits for Dispositive Motion Briefing. IT IS FURTHER ORDERED that expert discovery is extended from April 11, 2013, to May 15, 2013, for the sole purpose of conducting depositions of the parties' damages experts. IT IS FURTHER ORDERED that the deadline for filing dispositive motions is extended from April 22, 2013, to April 26, 2013. The page limits for the dispositive motions are twenty-five (25) pages for the opening and opposition briefs and fourteen (14) pages for the reply briefs, double-spaced, exclusive of attachments, exhibits, and statement of facts. Signed by Judge Susan R Bolton on 4/11/13.(MAW) (Entered: 04/11/2013) |
| 04/12/2013 | 140 | NOTICE re Service of Discovery by Oticon Incorporated *(Notice of Service of Oticon's Supplemental Responses to Sound Design Technologies' Interrogatory Nos. 1, 2, and 8)*. (Motolenich-Salas, Kenneth) (Entered: 04/12/2013) |
| 04/23/2013 | 141 | NOTICE re Service of Notice of Deposition of Keith Ugone by Oticon Incorporated . (Motolenich-Salas, Kenneth) (Entered: 04/23/2013) |
| 04/25/2013 | 142 | NOTICE of Deposition of Walter Bratic, filed by Sound Design Technologies Limited. (Banks, Bryan) (Entered: 04/25/2013) |
| 04/26/2013 | 143 | MOTION for Summary Judgment by Sebotek Hearing Systems LLC. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Richardson, J) (Entered: 04/26/2013) |
| 04/26/2013 | 144 | MOTION to Seal Document *Oticon, Inc.'s Motion to File Under Seal* by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order)(Motolenich-Salas, Kenneth) (Entered: 04/26/2013) |
| 04/26/2013 | 145 | SEALED LODGED Proposed Oticon, Inc.'s Motion for Summary Judgment re: 144 MOTION to Seal Document *Oticon, Inc.'s Motion to File Under Seal*. Document to be filed by Clerk if Motion to Seal is granted. Filed by Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 04/26/2013) |
| 04/26/2013 | 146 | *SEALED LODGED Proposed Oticon, Inc.'s Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment 145 Sealed Lodged Proposed Document, by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Motolenich-Salas, Kenneth) *Modified on 4/29/2013 to Change from Filed to Lodged Sealed Proposed (MAP)*. (Entered: 04/26/2013) |
| 04/26/2013 | 147 | *SEALED LODGED PROPOSED Oticon Inc.'s Statement re 145 Sealed Lodged Proposed Document, Oticon, Inc.'s Statement of Facts in Support of Its Motion for Summary Judgment by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Motolenich-Salas, Kenneth) *Modified on 4/29/2013 to Change from Filed to Lodged Sealed Proposed (MAP)*. |

| | | |
|---|---|---|
| | | (Entered: 04/26/2013) |
| 04/26/2013 | 148 | *SEALED LODGED PROPOSED DECLARATION of Michael B. Marion re 147 Statement, *Michael B. Marion's Declaration in Support of Statement of Facts of Oticon's Motion for Summary Judgment and Memorandum of Points and Authorities in Support Thereof* by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Attachments: # 1 Exhibit Exhibits 1-13, # 2 Exhibit Exhibits 14-42)(Motolenich-Salas, Kenneth) *Modified on 4/29/2013 to Change from Filed to Sealed Lodged Proposed (MAP)*. (Entered: 04/26/2013) |
| 04/26/2013 | 149 | MOTION to Seal Document by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Oblon, Michael) (Entered: 04/26/2013) |
| 04/27/2013 | 150 | SEALED LODGED Proposed Sound Design's Motion and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness re: 149 MOTION to Seal Document . Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Oblon, Michael) (Entered: 04/27/2013) |
| 04/27/2013 | 151 | SEALED LODGED Proposed Plaintiff's Statement of Facts in Support of Motion for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness re: 149 MOTION to Seal Document . Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Oblon, Michael) (Entered: 04/27/2013) |
| 04/27/2013 | 152 | SEALED LODGED Proposed Declaration of Counsel Michael A. Oblon in Support of Plaintiffs' Motion for Summary Judgment of Noninfringement re: 149 MOTION to Seal Document . Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Attachments: # 1 Exhibit Index; Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21)(Oblon, Michael) (Entered: 04/27/2013) |
| 04/29/2013 | 153 | NOTICE of Errata re 152 Sealed Lodged Proposed Document,, 151 Sealed Lodged Proposed Document, 150 Sealed Lodged Proposed Document, by Plaintiff Sound Design Technologies Limited, Counter Defendant Sound Design Technologies Limited. (Oblon, Michael) (Entered: 04/29/2013) |
| 04/29/2013 | 154 | MOTION to Seal Document by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Oblon, Michael) (Entered: 04/29/2013) |
| 04/29/2013 | 155 | SEALED LODGED Proposed Corrected Sound Design's Motion and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness re: 154 MOTION to Seal Document . Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Oblon, Michael) (Entered: 04/29/2013) |
| 04/29/2013 | 156 | SEALED LODGED Proposed Corrected Plaintiff's Statement of Facts in Support of Motion for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness re: 154 MOTION to Seal Document . Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Oblon, Michael) (Entered: 04/29/2013) |
| 04/29/2013 | 157 | SEALED LODGED Proposed Corrected Declaration of Counsel Michael A. Oblon in Support of Sound Design's Motion For Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness re: 154 MOTION to Seal Document . Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Attachments: # 1 Exhibit Index; Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21)(Oblon, Michael) (Entered: 04/29/2013) |

| 04/30/2013 | 158 | ORDER denying 144 Motion to Seal. The Court will only permit the confidential documents attached as exhibits to be filed under seal. If specific confidential information is contained in the Motion or Statement of Facts, Octicon, Inc. must file a redacted Motion and Statement of Facts on the public docket and publicly file all non-confidential exhibits. Signed by Judge Susan R Bolton on 4/30/13. (MAP) (Entered: 04/30/2013) |
|---|---|---|
| 04/30/2013 | 159 | ORDER denying 149 , 154 Motions to Seal. The Court will only permit the confidential documents attached as exhibits to counsel's declaration to be filed under seal. If specific confidential information is contained in the Motion or Statement of Facts, Sound Design must file a redacted Motion and Statement of Facts on the public docket and publicly file all nonconfidential exhibits. Signed by Judge Susan R Bolton on 4/30/13.(MAP) (Entered: 04/30/2013) |
| 05/03/2013 | 160 | MOTION for Summary Judgment *and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness* by Sound Design Technologies Limited. (Oblon, Michael) (Entered: 05/03/2013) |
| 05/03/2013 | 161 | STATEMENT of Facts in Support of re 160 MOTION for Summary Judgment *and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness* by Plaintiff Sound Design Technologies Limited, Counter Defendant Sound Design Technologies Limited. (Oblon, Michael) (Entered: 05/03/2013) |
| 05/03/2013 | 162 | DECLARATION of Counsel Michael A. Oblon re 160 MOTION for Summary Judgment *and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness* by Plaintiff Sound Design Technologies Limited, Counter Defendant Sound Design Technologies Limited. (Attachments: # 1 Exhibit Index and 1, # 2 Exhibit 2, 3 (redacted), # 3 Exhibit 4, # 4 Exhibit 5-7 (redacted), # 5 Exhibit 8, # 6 Exhibit 9 (redacted), # 7 Exhibit 10, # 8 Exhibit 11, # 9 Exhibit 12, # 10 Exhibit 13, # 11 Exhibit 14, # 12 Exhibit 15, # 13 Exhibit 16, # 14 Exhibit 17, # 15 Exhibit 18, # 16 Exhibit 19, # 17 Exhibit 20, # 18 Exhibit 21)(Oblon, Michael) (Entered: 05/03/2013) |
| 05/03/2013 | 163 | MOTION to Seal Document *Un-Redacted Versions of Dkt Nos 160, 161, 162* by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Oblon, Michael) (Entered: 05/03/2013) |
| 05/03/2013 | 164 | SEALED LODGED Proposed Sound Design's Motion and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness re: 163 MOTION to Seal Document *Un-Redacted Versions of Dkt Nos 160, 161, 162*. Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Oblon, Michael) (Entered: 05/03/2013) |
| 05/03/2013 | 165 | SEALED LODGED Proposed Statement of Facts in Support of Motion for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness re: 163 MOTION to Seal Document *Un-Redacted Versions of Dkt Nos 160, 161, 162*. Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Oblon, Michael) (Entered: 05/03/2013) |
| 05/03/2013 | 166 | SEALED LODGED Proposed Sealed Exhibits 2, 3, 5, 6, 7, 9 re: 163 MOTION to Seal Document *Un-Redacted Versions of Dkt Nos 160, 161, 162*. Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7, # 6 Exhibit 9)(Oblon, Michael) (Entered: 05/03/2013) |
| 05/06/2013 | 167 | MOTION for Summary Judgment *Oticon, Inc.'s Motion for Summary Judgment* by Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 05/06/2013) |
| 05/06/2013 | 168 | MEMORANDUM Oticon's Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment 167 MOTION for Summary Judgment *Oticon, Inc.'s Motion for Summary Judgment* by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 05/06/2013) |
|  |  |  |

| 05/06/2013 | 169 | STATEMENT of Facts in Support of Motion for Summary Judgment re 167 MOTION for Summary Judgment *Oticon, Inc.'s Motion for Summary Judgment* by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 05/06/2013) |
|---|---|---|
| 05/06/2013 | 170 | DECLARATION of Michael B. Marion in Support of Statement of Facts of Oticon's Motion for Summary Judgment and Memorandum of Points and Authorities in Support Thereof re 167 MOTION for Summary Judgment *Oticon, Inc.'s Motion for Summary Judgment* filed by Oticon Incorporated. (Attachments: # 1 Exhibit 14 and 36 (Exhibits 1-13; 15-35; and 37-42 filed under seal))(Motolenich-Salas, Kenneth) (Entered: 05/06/2013) |
| 05/06/2013 | 171 | MOTION to Seal Document *Un-Redacted versions of Dkt. Nos. 168, 169, and 170* by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order)(Motolenich-Salas, Kenneth) (Entered: 05/06/2013) |
| 05/06/2013 | 172 | SEALED LODGED Proposed Oticon, Inc.'s Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment re: 171 MOTION to Seal Document *Un-Redacted versions of Dkt. Nos. 168, 169, and 170*. Document to be filed by Clerk if Motion to Seal is granted. Filed by Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 05/06/2013) |
| 05/06/2013 | 173 | SEALED LODGED Proposed Oticon, Inc.'s Statement of Facts in Support of Its Motion for Summary Judgment re: 171 MOTION to Seal Document *Un-Redacted versions of Dkt. Nos. 168, 169, and 170*. Document to be filed by Clerk if Motion to Seal is granted. Filed by Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 05/06/2013) |
| 05/06/2013 | 174 | SEALED LODGED Proposed Exhibits to Declaration of Michael Marion (Exhibit Nos. 1-13, 15-35, and 37-42) re: 171 MOTION to Seal Document *Un-Redacted versions of Dkt. Nos. 168, 169, and 170*. Document to be filed by Clerk if Motion to Seal is granted. Filed by Oticon Incorporated. (Attachments: # 1 Exhibit)(Motolenich-Salas, Kenneth) (Entered: 05/06/2013) |
| 05/07/2013 | 175 | ORDER granting 163 Motion to Seal. See Order for Details. Signed by Judge Susan R Bolton on 5/7/13.(MAP) (Entered: 05/07/2013) |
| 05/07/2013 | 176 | SEALED UNREDACTED MOTION AND MEMORANDUM by Sound Design Technologies Limited. (MAP) *Modified on 5/9/2013 to Reflect Unredacted Version of Doc. 160 (MAP)*. (Entered: 05/07/2013) |
| 05/07/2013 | 177 | Sealed Statement of Facts re 176 filed by Sound Design Technologies Limited. (MAP) (Entered: 05/07/2013) |
| 05/07/2013 | 178 | Sealed Exhibits re 176 filed by Sound Design Technologies Limited. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7, # 6 Exhibit 9)(MAP) (Entered: 05/07/2013) |
| 05/07/2013 | 179 | ORDER granting 171 Motion to Seal. See Order for Details. Signed by Judge Susan R Bolton on 5/7/13.(MAP) (Entered: 05/07/2013) |
| 05/07/2013 | 180 | Sealed Memorandum in Support of 167 Motion filed by Oticon Incorporated. (MAP) (Entered: 05/07/2013) |
| 05/07/2013 | 181 | Sealed Statement of Facts in Support of 167 Motion filed by Oticon Incorporated. (MAP) (Entered: 05/07/2013) |
| 05/07/2013 | 182 | Sealed Exhibits re 167 Motion filed by Oticon Incorporated. (Attachments: # 1 Exhibit)(MAP) (Entered: 05/07/2013) |
| 05/09/2013 | 183 | Minute Order: Motion Hearing set for 8/5/2013 at 10:00AM before Judge Susan R Bolton re: 160 and 167 Motions for Summary Judgment. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAW) (Entered: 05/09/2013) |
| 05/14/2013 | 184 | First MOTION to Seal *MOTION IN LIMINE TO EXCLUDE DECLARATION OF ERKAN ONAT* by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order)(Motolenich-Salas, |

| | | Kenneth) (Entered: 05/14/2013) |
|---|---|---|
| 05/14/2013 | 185 | SEALED LODGED Proposed OTICON, INC.S MOTION IN LIMINE TO EXCLUDE DECLARATION OF ERKAN ONAT re: 184 First MOTION to Seal *MOTION IN LIMINE TO EXCLUDE DECLARATION OF ERKAN ONAT*. Document to be filed by Clerk if Motion to Seal is granted. Filed by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A to Motion in Limine, # 3 Exhibit B to Motion in Limine, # 4 Exhibit C to Motion in Limine, # 5 Exhibit D to Motion in Limine)(Motolenich-Salas, Kenneth) (Entered: 05/14/2013) |
| 05/14/2013 | 186 | Emergency MOTION to Expedite BRIEFING *ON OTICON'S MOTION IN LIMINE TO EXCLUDE DECLARATION OF ERKAN ONAT* by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order)(Motolenich-Salas, Kenneth) (Entered: 05/14/2013) |
| 05/15/2013 | 187 | RESPONSE in Opposition re 186 Emergency MOTION to Expedite BRIEFING *ON OTICON'S MOTION IN LIMINE TO EXCLUDE DECLARATION OF ERKAN ONAT* filed by Sound Design Technologies Limited. (Banks, Bryan) (Entered: 05/15/2013) |
| 05/16/2013 | 188 | ORDER granting/denying in part 184 Motion to Seal Motion in Limine. ORDERED directing the Clerk to seal only the Exhibits to Oticon, Inc.'s Motion in Limine. The Motion in Limine shall be filed on the public docket. Signed by Judge Susan R Bolton on 5/16/13.(MAP) (Entered: 05/16/2013) |
| 05/16/2013 | 189 | MOTION in Limine re: to Exclude Declaration of Erkan Onat by Oticon Incorporated. (MAP) (Entered: 05/16/2013) |
| 05/16/2013 | 190 | Sealed Exhibits to 189 Motion in Limine filed by Oticon Incorporated. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D)(MAP) (Entered: 05/16/2013) |
| 05/16/2013 | 191 | REPLY to Response to Motion re 186 Emergency MOTION to Expedite BRIEFING *ON OTICON'S MOTION IN LIMINE TO EXCLUDE DECLARATION OF ERKAN ONAT Oticon, Inc.'s Reply to Sound Design Technologies, Ltd.'s Opposition to Defendant's Motion to Expedite Briefing* filed by Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 05/16/2013) |
| 05/16/2013 | 192 | ORDER: IT IS ORDERED denying Oticon, Inc.'s Motion in Limine to Exclude Declaration of Erkan Onat 189 . IT IS FURTHER ORDERED denying as moot Oticon, Inc.'s Motion to Expedite Briefing 186 [see attached Order for details]. Signed by Judge Susan R Bolton on 5/16/13.(MAW) (Entered: 05/16/2013) |
| 05/29/2013 | 193 | MOTION to Seal Document *Un-Redacted Versions of Oticon's Opposition to Sound Designs Motion and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement, Invalidity, and Non-Willfulness; Statement of Facts in Support Thereof, and Exhibits 2-3, 5-11, 13, and 15-16 to the Declaration of Michael Marion in Support of the Opposition* by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order)(Motolenich-Salas, Kenneth) (Entered: 05/29/2013) |
| 05/29/2013 | 194 | SEALED LODGED Proposed UNREDACTED VERSION OF OPPOSITION TO SOUND DESIGNS MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND NON-WILLFULNESS re: 193 MOTION to Seal Document *Un-Redacted Versions of Oticon's Opposition to Sound Designs Motion and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement, Invalidity, and Non-Willfulness; Statement of Facts in Support The*. Document to be filed by Clerk if Motion to Seal is granted. Filed by Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 05/29/2013) |
| 05/29/2013 | 195 | SEALED LODGED Proposed UNREDACTED VERSION OF OTICON, INC.S STATEMENT OF FACTS re: 193 MOTION to Seal Document *Un-Redacted Versions of Oticon's Opposition to Sound Designs Motion and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement, Invalidity, and Non-Willfulness; Statement of Facts in Support The*. Document to be filed by Clerk if Motion to Seal is granted. Filed by Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 05/29/2013) |
| 05/29/2013 | 196 | DECLARATION re 194 Sealed Lodged Proposed Document,, *DECLARATION OF MICHAEL* |

|  |  | *B. MARION IN SUPPORT OF OTICONS OPPOSITION TO SOUND DESIGNS MOTION FOR SUMMARY JUDGMENT* filed by Oticon Incorporated. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2-3 (slip sheet-filed under seal), # 3 Exhibit 4, # 4 Exhibit 5-11 (slip sheet-filed under seal), # 5 Exhibit 12, # 6 Exhibit 13 (slip sheet-filed under seal), # 7 Exhibit 14, # 8 Exhibit 15-16 (slip sheet-filed under seal))(Motolenich-Salas, Kenneth) (Entered: 05/29/2013) |
| 05/29/2013 | 197 | *SEALED LODGED Proposed re: 193 MOTION to Seal Document *Un-Redacted Versions of Oticon's Exhibits to Marion Declaration - Exhibit 2 to Marion Declaration. Document to be filed by Clerk if Motion to Seal is granted. Filed by Oticon Incorporated. (Attachments: # 1 Exhibit Unredacted Exhibit 3 to Marion Declaration, # 2 Exhibit Unredacted Exhibit 5 to Marion Declaration, # 3 Exhibit Unredacted Exhibit 6 to Marion Declaration, # 4 Exhibit Unredacted Exhibit 7 to Marion Declaration, # 5 Exhibit Unredacted Exhibit 8 to Marion Declaration, # 6 Exhibit Unredacted Exhibit 9 to Marion Declaration, # 7 Exhibit Unredacted Exhibit 10 to Marion Declaration, # 8 Exhibit Unredacted Exhibit 11 to Marion Declaration, # 9 Exhibit Unredacted Exhibit 13 to Marion Declaration, # 10 Exhibit Unredacted Exhibit 15 to Marion Declaration, # 11 Exhibit Unredacted Exhibit 16 to Marion Declaration)(Motolenich-Salas, Kenneth) *Modified on 5/30/2013 to Correct Text at Counsel's Request (MAP)*. (Entered: 05/29/2013)* |
| 05/29/2013 | 198 | RESPONSE to Motion re 143 MOTION for Summary Judgment *OF SEBOTEK HEARING SYSTEMS LLC* filed by Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 05/29/2013) |
| 05/30/2013 | 199 | RESPONSE to Motion re 160 MOTION for Summary Judgment *and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness (Oticon's Opposition to Sound Design's Motion and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement, Invalidity, and Non-Willfullness (REDACTED VERSION OF Dkt. No. 194))* filed by Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 05/30/2013) |
| 05/30/2013 | 200 | STATEMENT of Facts in Opposition to Sound Design's Motion for Summary Judgment re 160 MOTION for Summary Judgment *and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness*, 161 Statement, 195 Sealed Lodged Proposed Document, *(Oticon's Statement of Facts In Opposition to Sound Design's Motion for Summary Judgment (REDACTED VERSION of Dkt. No. 195))* by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 05/30/2013) |
| 05/31/2013 | 201 | RESPONSE to Motion re 167 MOTION for Summary Judgment *Oticon, Inc.'s Motion for Summary Judgment* filed by Sebotek Hearing Systems LLC. (Greeson, Robert) (Entered: 05/31/2013) |
| 05/31/2013 | 202 | RESPONSE to Motion re 167 MOTION for Summary Judgment *Oticon, Inc.'s Motion for Summary Judgment* filed by Sound Design Technologies Limited. (Banks, Bryan) (Entered: 05/31/2013) |
| 06/01/2013 | 203 | MOTION to Seal Document by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Banks, Bryan) (Entered: 06/01/2013) |
| 06/01/2013 | 204 | SEALED LODGED Proposed Sound Design's Opposition to Oticon's Motion for Summary Judgment re: 203 MOTION to Seal Document . Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Banks, Bryan) (Entered: 06/01/2013) |
| 06/01/2013 | 205 | SEALED LODGED Proposed Sound Design's Controversion of Oticon's Statement of Facts re: 203 MOTION to Seal Document . Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Banks, Bryan) (Entered: 06/01/2013) |
| 06/01/2013 | 206 | DECLARATION of Counsel Michael A. Oblon re 202 Response to Motion for Summary Judgment by Plaintiff Sound Design Technologies Limited, Counter Defendant Sound Design Technologies Limited. (Attachments: # 1 Exhibit 14, # 2 Exhibit 15, # 3 Exhibit 16, # 4 Exhibit 17, # 5 Exhibit 24)(Banks, Bryan) (Entered: 06/01/2013) |

| 06/01/2013 | 207 | SEALED LODGED Proposed Sealed Exhibits to Declaration of Counsel Michael A. Oblon re: 203 MOTION to Seal Document . Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 18, # 15 Exhibit 19, # 16 Exhibit 20, # 17 Exhibit 21, # 18 Exhibit 22, # 19 Exhibit 23)(Banks, Bryan) (Entered: 06/01/2013) |
|---|---|---|
| 06/01/2013 | 208 | *SEALED LODGED Proposed NOTICE of Errata re 203 Motion to Seal re 205 Sealed Lodged Proposed Document, *Sound Design's Controversion of Oticon's Statement of Facts* by Plaintiff Sound Design Technologies Limited, Counter Defendant Sound Design Technologies Limited. Document to be filed by Clerk if motion to seal is granted.(Banks, Bryan) *Modified event to sealed lodged on 6/3/2013 (JHER). (Entered: 06/01/2013) |
| 06/01/2013 | 209 | STATEMENT of Controversion of Oticon's Statement of Facts by Plaintiff Sound Design Technologies Limited, Counter Defendant Sound Design Technologies Limited. (Banks, Bryan) (Entered: 06/01/2013) |
| 06/01/2013 | 210 | MOTION to Seal Document by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Banks, Bryan) (Entered: 06/01/2013) |
| 06/01/2013 | 211 | SEALED LODGED Proposed Corrected Sound Design's Controversion of Oticon's Statement of Facts re: 210 MOTION to Seal Document . Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Banks, Bryan) (Entered: 06/01/2013) |
| 06/04/2013 | 212 | ORDER granting 203 Motion to Seal. Signed by Judge Susan R Bolton on 6/4/13.(MAP) (Entered: 06/04/2013) |
| 06/04/2013 | 213 | SEALED (Unredacted) RESPONSE to Motion re 167 Motion for Summary Judgment filed by Sound Design Technologies Limited. (MAP) (Entered: 06/04/2013) |
| 06/04/2013 | 214 | Sealed (Unredacted) Controversion of Statement of Facts filed by Sound Design Technologies Limited. (Redacted version at 209 ) (MAP) (Entered: 06/04/2013) |
| 06/04/2013 | 215 | Sealed Exhibits to 206 Declaration filed by Sound Design Technologies Limited. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Summons 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 18, # 15 Exhibit 19, # 16 Exhibit 20, # 17 Exhibit 21, # 18 Exhibit 22, # 19 Exhibit 23)(MAP) (Entered: 06/04/2013) |
| 06/04/2013 | 216 | Sealed Notice of Errata re 214 filed by Sound Design Technologies Limited. (MAP) (Entered: 06/04/2013) |
| 06/04/2013 | 217 | ORDER granting 210 Motion to Seal Corrected Sound Design's Controversion of Oticon's Statement of Facts Signed by Judge Susan R Bolton on 6/4/13. (MAP) (Entered: 06/04/2013) |
| 06/04/2013 | 218 | Sealed Corrected Controversion of Statement of Facts filed by Sound Design Technologies Limited. (Redacted version at 209 ) (MAP) (Entered: 06/04/2013) |
| 06/04/2013 | 219 | ORDER granting 193 Motion to Seal. Signed by Judge Susan R Bolton on 6/4/13.(MAP) (Entered: 06/04/2013) |
| 06/04/2013 | 220 | SEALED Opposition to Motion re 160 MOTION for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness filed by Oticon Incorporated. (Redacted version at 199 ) (MAP) (Entered: 06/04/2013) |
| 06/04/2013 | 221 | Sealed Statement of Facts in Opposition to 160 Motion filed by Oticon Incorporated. (Redacted Version at 200 ) (MAP) (Entered: 06/04/2013) |
| 06/04/2013 | 222 | Sealed (Unredacted) Versions of Oticon's Exhibits to 196 Marion Declaration filed by Oticon Incorporated. (Attachments: # 1 Unredacted Exhibit 3 to Marion Declaration, # 2 Unredacted Exhibit 5 to Marion Declaration, # 3 Unredacted Exhibit 6 to Marion Declaration, # 4 |

| | | |
|---|---|---|
| | | Unredacted Exhibit 7 to Marion Declaration, # 5 Unredacted Exhibit 8 to Marion Declaration, # 6 Unredacted Exhibit 9 to Marion Declaration, # 7 Unredacted Exhibit 10 to Marion Declaration, # 8 Unredacted Exhibit 11 to Marion Declaration, # 9 Unredacted Exhibit 13 to Marion Declaration, # 10 Unredacted Exhibit 15 to Marion Declaration, # 11 Unredacted Exhibit 16 to Marion Declaration)(MAP) (Entered: 06/04/2013) |
| 06/10/2013 | 223 | MOTION for Extension of Time Under Rule 6(b)(1)(B) to Excuse Late Filings (Unopposed) by Sound Design Technologies Limited. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Oblon, Michael) (Entered: 06/10/2013) |
| 06/11/2013 | 224 | ORDER granting 223 Motion for Extension of Time Under Rule 6(b)(1)(B) to Excuse Late Filings. See Order for Details. Signed by Judge Susan R Bolton on 6/11/13.(MAP) (Entered: 06/11/2013) |
| 06/17/2013 | 225 | REPLY to Response to Motion re 160 MOTION for Summary Judgment *and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness* filed by Sound Design Technologies Limited. (Oblon, Michael) (Entered: 06/17/2013) |
| 06/17/2013 | 226 | DECLARATION of Counsel Michael A. Oblon in Support of re 225 Reply to Response to Motion, by Plaintiff Sound Design Technologies Limited, Counter Defendant Sound Design Technologies Limited. (Oblon, Michael) (Entered: 06/17/2013) |
| 06/17/2013 | 227 | MOTION to Seal Document by Sound Design Technologies Limited. (Attachments: # 1 Text of Proposed Order)(Oblon, Michael) (Entered: 06/17/2013) |
| 06/17/2013 | 228 | *Filed at Doc. 236 *SEALED LODGED Proposed Sound Design's Reply in Support of its Motion for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity and Non-Willfulness re: 227 MOTION to Seal Document . Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Oblon, Michael) *Modified on 6/27/2013 (MAP)*. (Entered: 06/17/2013) |
| 06/17/2013 | 229 | *Filed at Doc. 237 *SEALED LODGED Proposed Exhibits 1-4 to Declaration of Counsel re: 227 MOTION to Seal Document . Document to be filed by Clerk if Motion to Seal is granted. Filed by Sound Design Technologies Limited. (Attachments: # 1 Exhibit index; Ex. 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Oblon, Michael) *Modified on 6/27/2013 (MAP)*. (Entered: 06/17/2013) |
| 06/20/2013 | 230 | MOTION to Seal Document *Oticon's Motion to File Under Seal* by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order)(Motolenich-Salas, Kenneth) (Entered: 06/20/2013) |
| 06/20/2013 | 231 | *Filed at Doc. 239 *SEALED LODGED Proposed Oticon, Inc.'s Reply in Support of Oticon's Motion for Summary Judgment re: 230 MOTION to Seal Document *Oticon's Motion to File Under Seal*, 167 MOTION for Summary Judgment *Oticon, Inc.'s Motion for Summary Judgment*. Document to be filed by Clerk if Motion to Seal is granted. Filed by Oticon Incorporated. (Motolenich-Salas, Kenneth) *Modified on 6/27/2013 (MAP)*. (Entered: 06/20/2013) |
| 06/20/2013 | 232 | DECLARATION of Naphtali Y. Matlis re 231 Sealed Lodged Proposed Document, *Declaration of Naphtali Y. Matlis in Support of Oticon's Reply in Support of Oticon's Motion for Summary Judgment* filed by Oticon Incorporated. (Attachments: # 1 Exhibit Exhibits 1-5) (Motolenich-Salas, Kenneth) (Entered: 06/20/2013) |
| 06/20/2013 | 233 | *Filed at Doc. 240 *SEALED LODGED Proposed Exhibit Nos. 1 through 4 to Declaration of Naphtali Y. Matlis in Support of Oticon's Reply in Support of Oticon's Motion for Summary Judgment re: 230 MOTION to Seal Document *Oticon's Motion to File Under Seal*. Document to be filed by Clerk if Motion to Seal is granted. Filed by Oticon Incorporated. (Motolenich-Salas, Kenneth) *Modified on 6/27/2013 (MAP)*. (Entered: 06/20/2013) |
| 06/25/2013 | 234 | REPLY to Response to Motion re 167 MOTION for Summary Judgment *Oticon, Inc.'s Motion for Summary Judgment OTICON'S REPLY IN SUPPORT OF OTICON'S MOTION FOR SUMMARY JUDGMENT (REDACTED VERSION OF DOC. 231)* filed by Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 06/25/2013) |

| 06/27/2013 | 235 | ORDER granting 227 Motion to Seal. The Reply in Support of its Motion for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity and Non-Willfulness and Exhibits shall be filed under seal. Signed by Judge Susan R Bolton on 6/27/13. (MAP) (Entered: 06/27/2013) |
|---|---|---|
| 06/27/2013 | 236 | SEALED REPLY to Response to Motion re 160 MOTION filed by Sound Design Technologies Limited. (MAP) (Entered: 06/27/2013) |
| 06/27/2013 | 237 | Sealed Declaration and Exhibits to 236 regarding 160 filed by Sound Design Technologies Limited. (MAP) (Entered: 06/27/2013) |
| 06/27/2013 | 238 | ORDER granting 230 Motion to Seal. The Reply in Support of Oticon's Motion for Summary Judgment and Exhibits be filed under seal. Signed by Judge Susan R Bolton on 6/27/13.(MAP) (Entered: 06/27/2013) |
| 06/27/2013 | 239 | SEALED REPLY to Response to Motion re 167 MOTION filed by Oticon Incorporated. (MAP) (Entered: 06/27/2013) |
| 06/27/2013 | 240 | Sealed Exhibits to 232 filed by Oticon Incorporated. (MAP) (Entered: 06/27/2013) |
| 07/01/2013 | 241 | *MOTION Leave to File Surreply to Sound Design's Motion for Summary Judgment re 160 MOTION for Summary Judgment *and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness* by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order)(Motolenich-Salas, Kenneth) *Modified to correct motion type on 7/2/2013 (TLJ). (Entered: 07/01/2013) |
| 07/03/2013 | 242 | ORDER denying 241 Plaintiff's Motion and Memorandum for Leave to File Surreply to Sound Design Technologies, Ltd.s Motion for Summary Judgment. Signed by Judge Susan R Bolton on 7/3/13.(MAW) (Entered: 07/03/2013) |
| 08/05/2013 | 243 | MINUTE ENTRY for proceedings held before Judge Susan R Bolton: Motion Hearing held on 8/5/2013. Argument held. IT IS ORDERED taking under advisement 160 Plaintiff's Motion for Summary Judgment and 167 Defendant Oticon's Motion for Summary Judgment.<br><br>APPEARANCES: Michael Oblon and Bryan Banks with Plaintiff representative Rob Tuttle for Plaintiff. Michael Marion, Quentin Corrie and Robert Greeson for Defendants. (Court Reporter Liz Lemke) Hearing held 10:00 AM to 11:00 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAW) (Entered: 08/05/2013) |
| 08/14/2013 | 244 | ORDER granting 160 Sound Design's Motion Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness ("Sound Design MSJ"). FURTHER ORDERED granting SeboTek's 143 Motion for Summary Judgment ("SeboTek MSJ"). FURTHER ORDERED denying 167 Oticon, Inc.'s Motion for Summary Judgment. FURTHER ORDERED instructing the Clerk of Court to enter Judgment in favor of Plaintiff and Counter-Defendant Sound Design Technologies Limited and Defendant SeboTek Hearing Systems LLC. Signed by Judge Susan R Bolton on 8/14/13. (MAP) (Entered: 08/14/2013) |
| 08/14/2013 | 245 | JUDGMENT Pursuant to the Court's order filed this date and upon the Court's instruction therein, judgment is entered for the Plaintiff and Counter-Defendant Sound Design Technologies Limited and Defendant SeboTek Hearing Systems LLC. (MAP) (Entered: 08/14/2013) |
| 08/28/2013 | 246 | MOTION for Attorney Fees *Filed* by Sebotek Hearing Systems LLC. (Attachments: # 1 Proposed Order)(Richardson, J) (Entered: 08/28/2013) |
| 08/28/2013 | 247 | MOTION for Reconsideration re 244 Order on Motion for Summary Judgment,,,,,,,, *Oticon, Inc.'s Motion and Memorandum of Points and Authorities for Reconsideration of the Court's Order on Sound Design Technologies, Ltd.'s Motion for Summary Judgment* by Oticon Incorporated. (Attachments: # 1 Text of Proposed Order)(Motolenich-Salas, Kenneth) (Entered: 08/28/2013) |
| 08/28/2013 | 248 | DECLARATION of David V. Anderson re 247 MOTION for Reconsideration re 244 Order on Motion for Summary Judgment,,,,,,,, *Oticon, Inc.'s Motion and Memorandum of Points and* |

| | | |
|---|---|---|
| | | *Authorities for Reconsideration of the Court's Order on Sound Design Technologies, Ltd.'s Motion by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 08/28/2013)* |
| 08/28/2013 | 249 | DECLARATION of Kenneth M. Motolenich-Salas re 247 MOTION for Reconsideration re 244 Order on Motion for Summary Judgment,,,,,,, *Oticon, Inc.'s Motion and Memorandum of Points and Authorities for Reconsideration of the Court's Order on Sound Design Technologies, Ltd.'s Motion by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Attachments: # 1 Exhibit 1)*(Motolenich-Salas, Kenneth) (Entered: 08/28/2013) |
| 08/28/2013 | 250 | BILL OF COSTS by Sound Design Technologies Limited. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Oblon, Michael) (Entered: 08/28/2013) |
| 08/28/2013 | 251 | AFFIDAVIT/SUPPORTING DOCUMENT to BILL OF COSTS re 250 by Sound Design Technologies Limited. (Oblon, Michael) (Entered: 08/28/2013) |
| 08/28/2013 | 252 | *MOTION for Attorney Fees *and Related Non-Taxable Expenses* by Sound Design Technologies Limited as to Sebotek Hearing Systems, LLC (Attachments: # 1 Text of Proposed Order)(Oblon, Michael) *Modified to reflect as to Sebotek on 8/29/2013 (TLJ). (Entered: 08/28/2013) |
| 08/29/2013 | 253 | ORDER denying 247 Oticon, Inc.'s Motion for Reconsideration of the Court's Order on Sound Design Technologies, Ltd's Motion for Summary Judgment [see attached Order for details]. Signed by Judge Susan R Bolton on 8/29/13.(MAW) (Entered: 08/29/2013) |
| 09/16/2013 | 254 | OBJECTION re 250 Bill of Costs, 251 Bill of Costs - Affidavit/Supporting Documents *Oticon, Inc.'s Objections to Sound Design Technologies, Ltd.'s Bill of Costs* by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Motolenich-Salas, Kenneth) (Entered: 09/16/2013) |
| 09/16/2013 | 255 | DECLARATION of Kenneth M. Motolenich-Salas re 254 Objection, *Declaration of Kenneth M. Motolenich-Salas in Support of Oticon, Inc.'s Objections to Sound Design Technologies, Ltd.'s Bill of Costs* by Counter Claimant Oticon Incorporated, Defendant Oticon Incorporated. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Motolenich-Salas, Kenneth) (Entered: 09/16/2013) |
| 09/27/2013 | 256 | NOTICE OF APPEAL to Federal Circuit re: 253 Order on Motion for Reconsideration, 244 Order on Motion for Summary Judgment,,,,,,, 245 Judgment, by Oticon Incorporated. Filing fee received: $ 455.00, receipt number 0970-9663108. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Motolenich-Salas, Kenneth) (Entered: 09/27/2013) |
| 09/30/2013 | 257 | RESPONSE to OBJECTION to BILL OF COSTS by Sound Design Technologies Limited. (Attachments: # 1 Exhibit A - Declaration of Keith Ugone)(Oblon, Michael) (Entered: 09/30/2013) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 10/01/2013 14:13:51 | | |
| PACER Login: | us4935 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:11-cv-01375-SRB |
| Billable Pages: | 23 | Cost: | 2.30 |

I hereby attest and certify on _10/1/13_ that the foregoing document is a full, true and correct copy of the original on file in my office and in my custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA
By_____ Deputy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Sound Design Technologies, Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | **JUDGMENT** |
| v. | ) | |
| Oticon, Inc., et al., | ) | CV-11-1375-PHX-SRB |
| | ) | |
| Defendant. | ) | |
| Oticon, Inc., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| v. | ) | |
| Sound Design Technologies, Ltd., | ) | |
| | ) | |
| Counterdefendant. | ) | |

Pursuant to the Court's order filed this date and upon the Court's instruction therein, judgment is entered for the Plaintiff and Counter-Defendant Sound Design Technologies Limited and Defendant SeboTek Hearing Systems LLC.

JUDGMENT ENTERED this 14th day of August, 2013.

BRIAN D. KARTH
District Court Executive/Clerk

s/ M. Pruneau
By: Deputy Clerk

1
2
3
4                    **IN THE UNITED STATES DISTRICT COURT**
5                         **FOR THE DISTRICT OF ARIZONA**
6
7    Sound Design Technologies, Ltd.,              No. CV-11-01375-PHX-SRB
                                                          (Consolidated)
8                    Plaintiff,
                                                  **ORDER**
9    v.
10   Oticon, Inc., et al.,
11                   Defendants.

12           The Court has received and considered Oticon, Inc.'s Motion for Reconsideration
13   of the Court's Order on Sound Design Technologies, Ltd's Motion for Summary
14   Judgment.
15           The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii,
16   42 F.3d 1185, 1198 (9th Cir. 1994). Motions for reconsideration are generally disfavored,
17   however, and should be granted only in rare circumstances. See Ross v. Arpaio, No. CV
18   05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. April 15, 2008) (citing
19   Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)).
20   Disagreement with an order is an insufficient basis for reconsideration. See id. (citing
21   Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988)). Nor should
22   reconsideration be used to make new arguments or to ask the Court to rethink its analysis.
23   See id. (citing United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998));
24   see also Nw. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.
25   1988); accord Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).
26   Reconsideration is only appropriate if: (1) the court is presented with newly discovered,
27   previously unavailable, evidence; (2) the court committed a clear error of law and the
28   initial decision was manifestly unjust; or (3) there has been an intervening change in

1  controlling law. Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255,

2  1263 (9th Cir. 1993). Such a motion, however, may not be used to re-litigate old matters

3  or to raise arguments that could have been raised before. See, e.g., Backlund, 778 F.2d at

4  1388.

5        Motions for reconsideration cannot be used to ask the Court "'to rethink what the

6  court has already thought through,'" merely because a plaintiff disagrees with the Court's

7  decision.  Rezzonico, 32 F. Supp. 2d at 1116 (quoting Above the Belt, Inc. v. Mel

8  Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)); see also Refrigeration Sales

9  Co., Inc. v. Mitchell-Jackson, Inc., 605 F. Supp. 6, 8 (N.D. Ill. 1983). Such disagreements

10  should be dealt with in the normal appellate process, not on a motion for reconsideration.

11  Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J.

12  1993); Refrigeration Sales Co., Inc., 605 F. Supp. at 7.

13        This case does not fall within one of those narrow instances where reconsideration

14  is appropriate. The moving party must show more than a disagreement with the court's

15  decision; a court should not grant a motion for reconsideration unless the moving party

16  shows that a clear error of law has been committed and the initial decision was manifestly

17  unjust. The Court finds that Plaintiff failed to set forth sufficient grounds to cause the

18  Court to reconsider its August 14, 2013 Order

19        IT IS ORDERED denying Oticon, Inc.'s Motion for Reconsideration of the

20  Court's Order on Sound Design Technologies, Ltd's Motion for Summary Judgment.

21  (Doc. 247)

22        Dated this 29th day of August, 2013.

Susan R. Bolton
United States District Judge

1
2
3                        **NOT FOR PUBLICATION**
4
5
6            IN THE UNITED STATES DISTRICT COURT
7                FOR THE DISTRICT OF ARIZONA
8
9    Sound Design Technologies, Ltd.,              No. CV-11-01375-PHX-SRB
10                     Plaintiff,                   **ORDER**
11   v.
12   Oticon, Inc.; Sebotek Hearing Systems,
     LLC; Gennum Corp.,
13                     Defendants.
14   ────────────────────────────────
15   Oticon, Inc.
16                     Counterclaimant,
17   v.
18   Sound Design Technologies, Ltd.,
19                     Counterdefendant.
20
21        Before the Court are SeboTek's Motion and Memorandum for Summary Judgment
22   ("SeboTek MSJ") (Doc. 143), Sound Design's Motion and Memorandum of Points and
23   Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity,
24   and Non-Willfulness ("Sound Design MSJ") (Docs. 160 (redacted public version) and
25   164 (sealed)); Oticon, Inc.'s Motion for Summary Judgment (Doc. 167) and Oticon,
26   Inc.'s Memorandum of Points and Authorities in Support of Its Motion for Summary
27
28

Judgment ("Oticon MSJ") (Docs. 168 (redacted public version) and 172 (sealed)).[1]

## I.    BACKGROUND

Sound Design has moved for summary judgment that its hearing aid chips do not infringe any asserted claims of U.S. Patent No. 5,365,233 ("'233 Patent"), which deals generally with the procedure for converting incoming sound from an analog to digital signal, while Oticon argues that Sound Design's accused products practice every element of Claim 8 of the '233 patent. (*See* Sound Design MSJ at 1; Oticon MSJ at 7-18.) Claim 8 is the only independent claim that Oticon argues is infringed. (*See* Oticon MSJ at 7-18; *see also* Doc. 162, Decl. of Counsel Michael A. Oblon in Supp. of Sound Design MSJ ("Oblon Decl. I"), Ex. 11, Jan. 24, 2013, Email from Counsel.) Claim 8 of the patent reads

> An analog-digital processing unit, said unit comprising:
> [1] an amplifier to which an analog signal is fed and whose amplification is adjustable in stages;
> [2] an analog-digital quantizer connected downstream of the amplifier unit;
> [3] a memory and scaling unit connected downstream of the analog-digital quantizer;
> [4] wherein the output of the quantizer is fed back to an amplification control input of the amplifier unit via a comparator unit; and
> [5] wherein the output of the quantizer and the output of the comparator unit act on output control inputs at the memory and scaling unit.

(Oblon Decl. I, Ex. 1, '233 Patent 10:14-27.) Sound Design argues that its accused products do not contain the requisite "output control inputs" or "memory and scaling unit" and therefore that its products do not infringe the '233 Patent. (Sound Design MSJ at 2-3.)

This Court previously issued the following claim constructions relevant to Claim 8:

| Disputed Claim Term | Construction |
|---|---|
| memory and scaling unit (found in Claims 8, 11, 12, 23, 24) | a unit containing memory and some means for scaling values |

---

[1] SeboTek joins in Sound Design's Motion for Summary Judgment, and the parties agree that because SeboTek's accused products incorporate Sound Design's accused products, SeboTek's claims rise and fall with Sound Design's. (*See* SeboTek MSJ at 2-3; Doc 198, Oticon's Opp'n to SeboTek MSJ; Oticon MSJ at 2.)

| | |
|---|---|
| wherein the output of the quantizer and the output of the comparator unit act on output control inputs at the memory and scaling unit (found in Claim 8) | wherein the output of the quantizer and the output of the comparator unit act on output control inputs at the memory and scaling unit |

(Doc. 88, July 16, 2012, Order at 3-4 (granting in part Sound Design's Motion for Reconsideration and finding that the Court's previous construction of the "wherein" phrase omitted "limitations found in the claim itself–namely the requirement that the output of the quantizer and the output of the comparator unit are what act on the output control inputs at the memory and scaling unit").[2] The Court found that the term "memory" has a plain and ordinary meaning and that the "wherein" clause should be given its ordinary meaning as well. (*See* Apr. 10, 2012, Order at 9 (citing Webster's II New Riverside University Dictionary's definition of memory in computer science as a "unit of a computer that stores data for retrieval"); July 16, 2012, Order at 3-4.)

## II.  LEGAL STANDARDS AND ANALYSIS

### A.  Legal Standards

The standard for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, summary judgment is properly granted when: (1) there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). A fact is "material" when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the Court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material,

---

[2] The Court's previous construction of this term was "The outputs of the memory and scaling unit are controlled via some inputs to that unit (the output control inputs)." (Doc. 63, Apr. 10, 2012, Order at 20.)

and "all inferences are to be drawn in the light most favorable to the non-moving party." *Eisenberg*, 815 F.2d at 1289; *see also Celotex*, 477 U.S. at 324. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that "the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment").

"A determination of patent infringement consists of two steps: (1) the court must first interpret the claim, and (2) it must then compare the properly construed claims to the allegedly infringing device." *Playtex Prods., Inc. v. Procter & Gamble Co.*, 400 F.3d 901, 905-06 (Fed. Cir. 2005). "The first step, claim construction, is a matter of law," while the second step is generally "a factual question." *Id.* at 906. The party claiming infringement must prove infringement by a preponderance of the evidence. *Warner-Lambert Co. v. Teva Pharm. USA, Inc.*, 418 F.3d 1326, 1341 n.15 (Fed. Cir. 2005). "For infringement to be found, the court must determine that every claim limitation is found in the accused device." *Playtex Prods.*, 400 F.3d at 909.

### B. Analysis

#### 1. Output Control Inputs

The parties essentially dispute the meaning of the term "output control inputs" found in the claim limitation "wherein the output of the quantizer and the output of the comparator unit act on output control inputs at the memory and scaling unit." Sound Design argues that the "output control inputs" must be control signals, as opposed to data signals, while Oticon contends that an "output control input" is merely "'an input by which the output is controlled'" and "therefore includes any input at the memory and scaling unit that determines the output of the memory and scaling unit." (*See* Sound Design MSJ at 11-15; Doc. 194, Oticon's Opp'n to Sound Design MSJ ("Oticon Resp.") at 13 (quoting Doc. 196, Decl. of Michael B. Marion in Supp. of Oticon's Opp'n to Sound Design MSJ ("Marion Decl. II"), Ex. 7, Oct. 6, 2009, Dep. of David V. Anderson

- 4 -

("Anderson Dep.") 164:12-20).)

The Court finds persuasive Sound Design's argument that "control" modifies the word "input" and requires that the "output control input" must be a control signal (or control input) rather than a data signal (or data input) because, otherwise, any input affecting the output of the memory and scaling unit would be sufficient. *See Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950 (Fed. Cir. 2006) ("[C]laims are interpreted with an eye toward giving effect to all terms in the claim."); *Elekta Instrument S.A. v. O.U.R. Scientific Int'l, Inc.*, 214 F.3d 1302, 1307 (Fed. Cir. 2000) (holding that the claim language "only within a zone extending between latitudes 30°-45°" did not include "radiation sources and beam channels 'beginning at the edge of the helmet (0°) and extending to a point between 30°-45°'" because to do so would render "the reference to 30° superfluous").

A control signal is "[a] signal used for multiplexor selection or for directing the operation of a functional unit" and "contrasts with a data signal, which contains information that is operated on by a functional unit." (*See* Oblon Decl. I, Ex. 13, David A. Patterson & John L. Hennessy, *Computer Organization and Design* 306 (2009); *see also* Doc. 165, Pl.'s Statement of Facts in Supp. of MSJ ("Sound Design SOF") ¶ 25; Oblon Decl. I, Ex. 5, Apr. 11, 2013, Dep. of David V. Anderson ("Anderson Dep. II") 87:11-21 (agreeing that the textbook is "an authority on digital computer design").) Sound Design does not dispute that the output of the comparator unit in its accused products is a control input, but it does dispute that the output of the quantizer in its products is a control input, and Oticon offers no evidence to rebut this. (*See* Sound Design MSJ at 11-12.) In fact, for at least one family of accused products, Oticon's own expert referred to the quantizer output as "the data signal." (*See* Oblon Decl. I, Ex. 3, Expert Report of David V. Anderson, Ph.D. on Behalf of Plaintiff Oticon Inc. ("Anderson Report") at 34.) Because Oticon has not submitted evidence from which a reasonable jury could conclude that that the accused products contain "output control inputs" as required by Claim 8 and this Court's claim construction, the Court finds that there is insufficient

evidence to support the presence of every claim limitation, an issue on which Oticon bears the burden of proof, and accordingly grants Sound Design's Motion for Summary Judgment of Non-Infringement.

###     2.     Memory and Scaling Unit

The Court also finds that there has been no infringement because Sound Design's accused products lack the requisite memory and scaling unit, which the Court defined as "a unit containing memory and some means for scaling values." (*See* July 16, 2012, Order at 4.) Oticon has accused five families of products produced by Sound Design of infringement, which are called Wolverine, Voyageur, Foundation, Sigma, and Paragon. (*See* Oticon MSJ at 6.) For each of these products, Oticon's expert, Dr. Anderson, opined that there was a memory and scaling unit because scaled signals are "stored in a register memory before being output" or because scaled signals undergo conditioning, during which process "register memory is used." (*See* Anderson Report at 25-28.) Dr. Anderson stated that in addition to this

> output sample memory . . . , each unit is equipped with delay registers which are also memory. The gain calculation unit accepts inputs from the quantizer output process / stream . . . . The gain calculation portion itself relies on memory aspects to store data values and internal variables used for calculating the gain (including previous gain values) and the gain calculation portion also relies on registers to store a gain adjustment signal / value for a certain number of clock cycles before propagating it to the preamp or postatt blocks.

(*Id.* at 28-29.) Thus, Dr. Anderson points to (1) "register memory," (2) values stored in the gain calculation portion, and (3) delay registers that store values for a certain number of clock cycles, in order to satisfy the element of memory. (*Id.* at 25-29.) However, Oticon has not provided evidence from which a reasonable jury could conclude that any of these are "memory" in the sense that the word "memory" is ordinarily used, i.e. a unit "'that stores data for retrieval.'" (*See* Apr. 10, 2012, Order at 9 (quoting Webster's II New Riverside University Dictionary and Dr. Anderson's *Markman* hearing testimony that "memory is a well-understood term").)

Regarding the gain calculation, Sound Design has submitted evidence from one of its senior design engineers that the circuitry used in the accused products "is configured

1  to adjust the preamplifier and post-attenuation gain in multiples of 6 dB to permit ease of

2  operation and a more efficient implementation.  Sound Design elected to use 6 dB rather

3  than finer gain adjustments to avoid making the system more complicated." (Oblon Decl.

4  I, Ex. 2, Decl. of Erkan Onat in Supp. of Pl.'s Mot. for Summary J. of Noninfringement

5  ("Onat Decl.") ¶¶ 2, 5, 12.)[3] Mr. Onat explained that the circuitry in the accused products

6

7         [3] Oticon argues that Sound Design should not be able to rely on the Onat
    Declaration because Sound Design failed to disclose Mr. Onat as a witness or as an
8   expert witness. (*See* Oticon Resp. at 2-8; *see also* Doc. 239, Oticon, Inc.'s Reply in Supp.
    of Oticon's Mot. for Summ. J. ("Oticon Reply") at 7-9 (objecting to the declarations of
9   Sound Design engineers Erkin Onat and Elias Boukhers as improper expert witness
    testimony).) However, Sound Design is correct that it is required to supplement its initial
10  disclosures only "if the additional or corrective information has not otherwise been made
    known to the other parties during the discovery process or in writing." Fed. R. Civ. P.
11  26(e)(1)(A); (*see also* Doc. 236, Sound Design's Reply in Supp. of Its MSJ ("Sound
    Design Reply") at 3-4); Fed. R. Civ. P. 26(e) advisory committee's note (1993) ("There
12  is, however, no obligation to provide supplemental or corrective information that has
    been otherwise made known to the parties in writing or during the discovery process, as
13  when a witness not previously disclosed is identified during the taking of a deposition . . .
    .").

14         Here, Sound Design responded in writing to Oticon's interrogatory requesting the
    identity of all persons involved in the design of the accused products, that "Erkan Onat"
15  had helped design the Wolverine digital product, and Sound Design's Rule 30(b)(6)
    witness identified Mr. Onat as someone who worked on the development of the
16  Wolverine product. (*See* Doc. 170, Michael B. Marion's Decl. in Supp. of Statement of
    Facts of Oticon MSJ ("Marion Decl. I"), Ex. 36, Sound Design's Objections & Resps. to
17  Oticon's Interrogs. Nos. 1-14 at 6-7; Doc. 237, Decl. of Counsel Michael A. Oblon in
    Supp. of Sound Design Reply ("Oblon Decl. III"), Ex. 3, Dep. of Elias Boukhers 135:19-
18  136:3.) Thus, Oticon could have sought discovery from Mr. Onat if it had chosen to do
    so, and Sound Design was not required to supplement its initial disclosures to identify
19  Mr. Onat. *See* Fed. R. Civ. P. 26(e)(1)(A); *Kapche v. Holder*, 677 F.3d 454, 468 (D.C.
    Cir. 2012) ("Because [witness's] identity was 'made known' to [plaintiff], [defendant]
20  had no obligation to supplement his disclosures pursuant to Rule 26(e)(1)(A) and
    therefore the district court did not err in allowing [witness] to testify . . . ."); *Van Maanen*
21  *v. Youth With a Mission-Bishop*, 852 F. Supp. 2d 1232, 1237 (E.D. Cal. 2012); *Harding*
    *v. Cianbro Corp.*, 436 F. Supp. 2d 153, 164 n.19 (D. Me. 2006) (denying motion to strike
22  declaration and statements of material fact supported by the declaration where the
    "identity of and material information relating to [declarant] . . . [were] made known to
23  [p]laintiff's counsel during the course of discovery, including during the taking of
    depositions").
24
           In addition, Sound Design is correct that it did not need to designate Mr. Onat as
25  an expert witness merely because he testified about technical matters, given that he works
    as a design engineer and declared that he had "personal knowledge of the facts" in his
26  declaration. (*See* Onat Decl. ¶¶ 1-2; Sound Design Reply at 4-5); *Carnegie Mellon Univ.*
    *v. Marvell Tech. Grp., Ltd.*, Civil Action No. 09-290, 2013 WL 1767970, at *1-2 (W.D.
27  Pa. Apr. 24, 2013) (finding that President/CEO and Vice President of Data Storage
    Technology of a company, both of whom had PhDs in electrical engineering, had "the
28  appropriate background, education, work experience, position at [the company], and

"de-amplifies using combinatorial logic, which operates *instantaneously* (within a single clock cycle) *without using a memory* and produces output that is a pure function of the present input only." (Onat Decl. ¶ 13 (emphases added).) According to Mr. Onat:

> All of Sound Design's products perform de-amplification in the same way. The amplified signal that has been digitized in the analog-to-digital converter is a data signal that is fed into the scaler, which "de-amplifies" by performing a simple *mathematical operation* upon the inputted signal using a shifter and a multiplexer.

> The output of the analog-to-digital converter is fed into the data input of the shifter. The shifter *instantaneously* generates four outputs, each with a different number of ones or zeros appended to the left or right. This shifts the data input by between zero and three places with each shift *corresponding to a 6 dB gain change*.

> The four versions of the output are then fed into the multiplexer, which selects one version based on the preamplifier gain that was applied to the signal before it was digitized. The selector input to the multiplexer is a control signal. This control signal is the inverse of the gain selection that was applied to the pre-amplifier. In other words, if the analog input signal was amplified by 6 dB, the inverse gain control signal selects the data signal in the multiplexer that has been de-amplified by 6 dB.

(Onat Decl. 14-16 (emphases added; numbering of paragraphs omitted); *see also, e.g.*, Anderson Report at 26, 28 (agreeing that "four versions of the input sample are generated, each one scaled by an inverse gain as corresponding to the preamp gain," but stating that "[t]hen, based on the current preamp gain, one scaled signal is chosen, and stored in a register memory before being output" and contending that the "gain calculation portion itself relies on memory aspects to store data values and internal variables").)

---

personal knowledge to proffer lay opinions on [the company's] technology, development, and business practices" in a patent infringement action and that both could testify as fact witnesses about the company's "research, production and development of the accused technology"); *In re Google AdWords Litig.*, No. 5:08-CV-3369 EJD, 2012 WL 28068, at *5 (N.D. Cal. Jan. 5, 2012) ("As Google's Chief Economist, Dr. Varian is qualified to explain, as a lay witness, what Google's AdWords system does, how it behaves, and what it does when certain variables are changed. Here, just because the underlying facts and data are technical in nature does not transform the information into 'expert testimony' when those facts are within the personal knowledge and experience of the company's employee."). The declaration of Mr. Boukhers submitted with Sound Design's Response to Oticon's Motion for Summary Judgment is also not objectionable for the same reasons. (*See* Doc. 206, Decl. of Counsel Michael A. Oblon in Supp. of Sound Design's Opp'n to Oticon's MSJ ("Oblon Decl. II"), Ex. 2, Decl. of Elias Boukhers in Supp. of Sound Design's Opp'n to Oticon's MSJ ("Boukhers Decl.") ¶¶ 1-2.)

The '233 Patent itself explains that

> If an amplification gradation of ΔG steps of 6 dB is sufficient, then . . . only every n$_a$ values of A$_5$ will have to be prestored; the compensation of the amplification in the mentioned 6 dB-increments can take place by corresponding shifting of the binary number representing an *instantaneous* value of A$_5$ by a number of places corresponding to the *instantaneous* amplification. In this case, *nothing at all would have to be stored*, because the address and content of the memory will coincide.

('233 Patent 5:6-16 (emphases added).) Even Dr. Anderson admitted that, according to the Court's construction, in the "case where it says nothing would have to be stored, that's a case where there isn't a memory and scaling unit." (Anderson Dep. II 157:2-8.) Despite Dr. Anderson's expert report using terms such as "register memory" and "memory aspects to store data values," the evidence shows that in fact Sound Design's products perform gain *calculation* (Dr. Anderson's word) and *shifting* based on multiples of 6dB, performing instantaneous mathematical calculations and using registers as merely "time delay elements, not memory units." (*See* Onat Decl. ¶ 19 (explaining that "at each clock cycle, the register moves whatever is at the input to the output" and that the "synchronization registers enable signals (each either a '1' or a '0' value) to remain valid for a full clock cycle").)

Oticon points to the deposition testimony of Sound Design's Rule 30(b)(6) witness, Elias Boukhers, who indicated that the registers can "delay the signal by one clock cycle, two clock cycles or three clock cycles" and argues that this precisely fits Sound Design expert Dr. Blalock's understanding of what memory is – having the property of "'[w]e're going to put it in. We're to go off [to] do other things. We're going to come back.' It's still going to be there." (*See* Oticon Resp. at 10-11; Marion Decl. II, Ex. 6, Dep. of Elias Boukhers 34:2-4; Marion Decl. II, Ex. 5, Dep. of Travis N. Blalock ("Blalock Dep.") 81:17-20.) However, it is immaterial whether the registers delay the release of a signal by one, two, or three cycles (or merely retain a signal for a full clock cycle as Mr. Onat stated); the point is that the registers are delaying the release of a signal, not storing (or prestoring) data for later retrieval, and Dr. Blalock testified to precisely this. (*See* Blalock Dep. 79:8-18, 81:14-20, 83:1-23.)

Oticon does not respond to Sound Design's argument that all the registers in the accused products are not within the same unit as the scaler and therefore, even if they were memory, do not constitute a "memory and scaling unit." (*See* Sound Design MSJ at 17-18.) But again, even if the registers and scalers are located within the same unit, a register as used in Sound Design's products is not memory within the ordinary meaning of the word. (*See* Blalock Dep. 81:14-22.) The '233 Patent itself refers to "a time delay unit" as distinct from "memory segments." (*See* '233 Patent 7:34-35 ("The outputs of the memory segments $M_0$ to $M_k$ are fed to a time delay unit 23 . . . ."), 12:7-12 (claiming in Claim 24 an analog-digital processing unit that includes "a plurality of memory and scaling units having prestored values . . . wherein *the outputs of the memory and scaling units are fed through time delay elements*" (emphasis added)).) And when Dr. Anderson was questioned about prior art, he testified that a former patent disclosed a unit that

> takes inputs, output of the quantizer and some signal from block 23 that's been delayed. That unit has no disclosed memory.
>
> Q. Okay. But what about the delay block 22, is that associated memory?
>
> A. I don't believe so.
>
> Q. Why not?
>
> A. Well -- I feel like asking why, why would you consider that to be the memory? That's a delay in order to correctly time the signal."

(Anderson Dep. II 131:7-16; *see also* Sound Design SOF ¶¶ 44, 46; Oticon CSOF ¶¶ 44, 46.) Thus, Dr. Anderson's testimony undermines the conclusory statement in his report that "delay registers . . . are also memory." (Anderson Report at 28.)

The whole point of the '233 Patent is to claim an alternative to the type of 6 dB-increment shifting technology employed in Sound Design's products and does so precisely through the use of memory. (*See* '233 Patent 5:17-20 ("In the vast majority of cases, a gradation of the amplification G in ΔG steps of 6 dB will not suffice. In order to solve this problem while at the same time continuing to pursue the goal of reducing the memory size, . . . ."), 9:34-50 (claiming in Claim 1 a method for digitizing that includes "*prestoring all possible values* of the digitized analog signal based upon the number of

- 10 -

1    quantizing steps; and *retrieving a prestored signal*") (emphases added), 10:14-27

2    (claiming in Claim 8 an analog-digital processing unit comprised of "a *memory and*

3    *scaling unit*") (emphasis added); Sound Design SOF ¶ 32; Doc. 195, Oticon, Inc.'s

4    Statement of Facts in Opp'n to Sound Design MSJ ("Oticon CSOF") ¶ 32 (agreeing that

5    "[t]he '233 patent inventor determined that the 'multiplication' elements can be avoiding

6    by using a 'memory and scaling unit' that stores pre-multiplied values" and that the

7    "patent acknowledges that, if it were sufficient to adjust the gain in 6 dB increments, one

8    could perform de-amplification by merely shifting instead of storing data in memory").)

9      Oticon argues that "Sound Design provides no basis for concluding the use of 6

10   dB steps to adjust the pre-amplifier gain *ipso facto* avoids the use of memory" and that

11   Sound Design is attempting "to read in an embodiment from the specification to limit the

12   scope of the claims," but Sound Design is not using the specification to limit the scope of

13   the claims. (*See* Oticon Resp. at 12.) Rather, Sound Design is pointing out, as both the

14   '233 Patent and Oticon acknowledge, that adjusting the gain in 6 dB increments avoids

15   the necessity of having memory at all, and by disclosing (but not claiming) a process of

16   de-amplification based on 6 dB steps in the specification, the '233 Patent dedicated this

17   alternative design to the public. (*See* Sound Design SOF ¶ 32; Oticon CSOF ¶ 32);

18   *Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*, 85 F.3d 1046, 1051 (Fed Cir. 2002)

19   (pointing out that "[b]ased on the well-established rule that subject matter disclosed but

20   not claimed in a patent application is dedicated to the public, . . . as a matter of law," an

21   accused party cannot infringe by using disclosed but unclaimed alternatives (quotations

22   omitted)). Sound Design has submitted substantial evidence that it did use this alternative

23   6 dB de-amplification shifting process acknowledged by the '233 Patent to not require

24   memory and thus, as a matter of law, did not infringe the '233 Patent. (*See* Onat Decl. ¶¶

25   12-16; Boukhers Decl. ¶¶ 11-18.)

26      The only evidence that Oticon relies on for establishing the presence of memory in

27   the accused products is Dr. Anderson's report. (*See* Oticon Resp. at 12, 16; *see also*

28   *generally* Oticon MSJ at 11-14; Oticon Reply at 4-5.) But other than calling certain items

"register memory," Dr. Anderson does not explain how the accused products actually store information for later retrieval. (*See* Anderson Report at 25-29); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."); (*see also* Boukhers Decl. ¶ 24 ("Sound Design does not refer to registers as 'register memory' in its HDL code or in any design documentation.").) "It is well settled that an expert's unsupported [assertion that a particular critical claim limitation is found in the accused device] is insufficient to raise a genuine issue of material fact . . . ." *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1278 (Fed Cir. 2004) (holding that there was no material factual dispute where an expert's opinions that a critical claim limitation was found in the accused device were merely "conclusory assertions, reached using words in ways that contradict their plain meaning"). Apart from Dr. Anderson's clever labeling of "register memories," which does not comport with the plain meaning of the term "memory," Oticon has not submitted any evidence to suggest that the accused products contain a form of memory, and in fact there is substantial evidence to the contrary. *See, e.g.*, Onat Decl. ¶ 13 ("The HRX circuitry de-amplifies using combinatorial logic, which operates instantaneously (within a single clock cycle) without using a memory and produces output that is a pure function of the present input only."); Marion Decl. II, Ex. 3, Expert Report of Travis N. Blalock, Ph.D. Rebutting the Expert Reports of David V. Anderson Ph.D. & Walter Bratic ¶ 159 ("Gennum/Sound Design engineers designed their products to perform attenuation using combinatorial logic, not memory."); Boukhers Decl. ¶¶ 14-15 ("We designed Sound Design's HRX circuitry with the understanding that 6 dB gain adjustments would be sufficient. . . . The HRX circuitry de-amplifies . . . without using a memory . . . .").)

The Court concludes that the undisputed evidence shows that the accused products do not contain memory in the ordinary sense of the word, and that they therefore lack "a memory and scaling unit," which is a necessary part of Claim 8. Accordingly, the Court grants Sound Design's Motion for Summary Judgment and finds that no reasonable juror,

on the evidence presented, could conclude that Sound Design infringed the '233 Patent, let alone did so willfully.

## III.    CONCLUSION

Oticon, as the party claiming infringement, bears the burden of proof for establishing each and every claim limitation. Because Oticon has not submitted evidence from which a reasonable jury could conclude that that the accused products contain either "output control inputs" or "memory" in a "memory and scaling unit" as required by Claim 8, the Court grants Sound Design's Motion for Summary Judgment of Non-Infringement and denies Oticon's Motion for Summary Judgment. Because Oticon's claims against SeboTek are derivative of Oticon's claims against Sound Design, the Court also grants SeboTek's Motion for Summary Judgment.

**IT IS ORDERED** granting Sound Design's Motion and Memorandum of Points and Authorities for Summary Judgment of Non-Infringement of the '233 Patent, Invalidity, and Non-Willfulness ("Sound Design MSJ") (Docs. 160 (redacted public version) and 164 (sealed)).

**IT IS FURTHER ORDERED** granting SeboTek's Motion and Memorandum for Summary Judgment ("SeboTek MSJ") (Doc. 143).

**IT IS FURTHER ORDERED** denying Oticon, Inc.'s Motion for Summary Judgment (Doc. 167).

**IT IS FURTHER ORDERED** instructing the Clerk of Court to enter Judgment in favor of Plaintiff and Counter-Defendant Sound Design Technologies Limited and Defendant SeboTek Hearing Systems LLC.

Dated this 14th day of August, 2013.

Susan R. Bolton
United States District Judge

- 13 -